**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRADLEY J. MCLACHLAN and ALEX D. GRAHAM, individually and on behalf of all others similarly situated, | ) ) ) ) | **CIVIL ACTION NO.: 2:22-cv-04115** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE BOARD OF TRUSTEES OF THE ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN and JOHN DOES 1-20. | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   STATEMENT OF FACTS ......................................................................................4

    A.    Nature of the Plan ........................................................................................4

    B.    The Defendants Were Fiduciaries of the Plan ............................................4

    C.    Named Plaintiffs .........................................................................................6

III.  STANDARD FOR CLASS CERTIFICATION ......................................................6

IV.   PLAINTIFFS ASSERT VIABLE CLAIMS............................................................7

V.    ARGUMENT .........................................................................................................8

    A.    Plaintiffs Have Standing to Pursue Claims on Behalf of the Plan ...........8

    B.    The Proposed Class Satisfies the Requirements of Federal Rule of Civil
        Procedure 23(A) .........................................................................................10

        1.    The Proposed Class Satisfies the "Numerosity" Requirement of
             23(a)(1) ...........................................................................................10

        2.    The Proposed Class Satisfies the "Commonality" Requirement of
             23(a)(2) ...........................................................................................10

        3.    Plaintiffs' Claims Satisfy the "Typicality" Requirement of 23(a)(3) ........13

        4.    Plaintiffs Will Adequately Protet the Interst of the class, Satisfying
             Rule 23(a)(4) .................................................................................14

            a.    Plaintiffs Are Adequate Class Representatives.............................15

            b.    Plaintiffs' Counsel Have No Conflicts With the Class, Are
               Qualified and Experienced, and Will Vigorously Prosecute
               This Action for the Class ................................................................19

        5.    The Proposed Class is Adequately Defined and Clearly Ascertainable ....21

    C.    The Class May Be Properly Certified Under Rule 23(b)(1) .................................22

1.      Certification Under Rule 23(b)(1)(B) is Most Appropirate ......................22

2.      Certification is Also Appropirate Under Section 23(b)(1)(A) ....................23

VI.    CONCLUSION................................................................................................................23

## **TABLE OF AUTHORITIES**

PAGE(S)

**Cases**

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997).................................................................................................... 23

*In re: AremisSoft Corp. Sec. Litig.*,
210 F.R.D. 109 (D.N.J. 2002)..................................................................................... 11

*Baby Neal v. Casey*,
43 F.3d 48, (3d Cir. 1994)............................................................................................ 11

*Baffa v. Donaldson*,
222 F.3d 52 (2d Cir. 2000)........................................................................................... 16

*Beach v. JPMorgan Chase Bank, N.A.*,
2019 WL 2428631 (S.D.N.Y. June 11, 2019) ......................................................... 1, 8

*Beck v. Maximus, Inc.*,
457 F.3d 291 (3d Cir. 2006)........................................................................................ 15

*In re Biogen ERISA Litig.*,
No. 20-cv-11325, (D. Mass. Nov. 8, 2022) ................................................................. 2

*Boley v. Universal Health Servs., Inc.*,
36 F.4th 124 (3d Cir. 2022) .......................................................................................... 1

*Bordeaux v. LTD Financial Svcs., L.P.*,
No. 2:16–0243 (KSH) (CLW), 2017 WL 6619226 (D.N.J. Dec. 28, 2017)............... 15

*Braden v. Wal–Mart Stores, Inc.*,
588 F.3d 585 (8th Cir.2009) ......................................................................................... 8

*Buus v. WAMU Pension Plan*,
251 F.R.D. 578 (W.D. Wash. 2008) ........................................................................... 19

*Cassell v. Vanderbilt Univ.*,
2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018)............................................................ 9

*Clark v. Duke Univ.*,
2018 WL 1801946 (M.D.N.C. April 13, 2018) ........................................................ 2, 8, 19, 23

*Coan v. Kaufman*,
457 F.3d 250 (2d Cir. 2006)......................................................................................... 3

*In re: Cmty. Bank of N. Va. Mortgage Lending Practices Litig.*,
795 F.3d 380 (3d Cir. 2015)................................................................. 20

*Coviello v. BHS Management Services, Inc.*,
No. 3:20-cv-30198-MGM (D. Mass. Mar. 20, 2023) ............................. 2, 21

*Cryer v. Franklin Templeton Res., Inc.*,
2017 WL 4023149 (N.D. Cal. July 26, 2017).................................................. 2

*Cunningham et al. v. Cornell Univ.*,
2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) ................................................ 1

*Cunningham, et al. v. WAWA, Inc.*, *et al*,
387 F.Supp.3d 529 (E.D. Pa. 2019) ...................................................... 1, 2

*Feinberg v. T. Rowe Price Group, Inc.*,
No. 1:17-cv-00427 (D. Md. May 17, 2019)................................................ 2

*Fuller, et al. v. SunTrust Banks, Inc., et al.*,
2018 U.S. Dist. LEXIS 113108 (N.D. Ga. June 27, 2018)..........................2, 18

*Fulton-Green v. Accolade, Inc.*,
No. 18-274, 2019 WL 4677954 (E.D. Pa. Sept. 24, 2019) ........................ 15

*General Tel. Co. of Southwest v. Falcon*,
457 U.S. 147 (1982).................................................................................. 6

*Glass Dimensions, Inc. v. State Street Bank & Trust Co.*,
285 F.R.D. 169 (D. Mass. 2012) ............................................................... 9

*Gunnells v. Healthplan Servs., Inc.*,
348 F.3d 4170 (4th Cir. 2003) ................................................................. 16

*Hay v. Gucci America*, *Inc., et al.*,
2018 WL 48155584 (D.N.J. Oct. 3, 2018)................................................... 8

*Henderson, et al., v. Emory Univ., et al.*,
2018 WL 6332343 (N.D. Ga. Sept. 13, 2018) ....................................... 2, 18

*In re: Honeywell Int'l Sec. Litig.*,
211 F.R.D. 255 (D.N.J. 2002)................................................................... 13

*Huang, et al., v. TriNet HR III, Inc., et al.*,
No. 8:20-cv-2293-VMC-TGW (M.D. FL. Oct. 21, 2022)...................... 17, 20

*In re Ikon Office Solutions, Inc. Sec. Litig.*,
191 F.R.D. 457 (E.D. Pa. 2000)...........................................................................7

*Jacobs v. Verizon Communications, Inc. et al.*,
2020 WL 5796165 (S.D.N.Y. Sept. 29, 2020)........................................... 1, 18

*Johnson et al. v. Fujitsu Tech. and Bus. of Am., Inc.*,
250 F.Supp. 3d 460 (N.D. Cal. Apr. 11, 2017) ....................................................9

*Johnson v. The PNC Financial Servs. Grp., Inc.*,
No.2:20-cv-1493-CCW, (W.D. Pa. Sept. 16, 2022) .............................................2

*Johnson v. Providence Health & Services, et al.*,
2018 WL 1427421 (W.D. Wash. Mar. 22, 2018) .................................................9

*Jones v. NovaStar Fin., Inc.*,
257 F.R.D. 181 (W.D. Mo. 2009) .......................................................................16

*Kane v. United Indep. Union Welfare Fund*,
No. 97-CV-1505, 1998 WL 78985 (E.D. Pa. Feb. 24, 1998) ..............................7

*Karg v. Transamerica Corp.*,
2020 WL 3400199 (N.D. Iowa Mar. 25, 2020) ..........................................*Passim*

*Koch v. Dwyer*,
No. 98-CV-5519, 2001 WL 289972 (S.D.N.Y. Mar. 23, 2001) .........................23

*Kolar v. Rite Aid Corp.*,
No. 01-CV-1229, 2003 WL 1257272 (E.D. Pa. Mar. 11, 2003)...........................7

*Larson v. Allina Health Sys.*,
350 F.Supp. 3d 780 (D. Minn. 2018)....................................................................9

*Leber v. Citigroup*,
No. 07-cv-9329, 2017 WL 5664850 (S.D.N.Y. Nov. 27, 2017)....................... 1, 9

*Lucas, et al., v. MGM Resorts International, et al.*,
2:20-cv-01750-JAD-NJK (D.C. NV Oct. 20, 2022) .........................................20

*Marcus v. BMW of N. Am. LLC*,
687 F.3d 583 (3d Cir. 2012)...............................................................................20

*Marshall, et al., v. Northrop Grumman Corp.*,
2017 WL 6888281 (C.D. Cal. Nov. 2, 2017).......................................................2

*Massachusetts v EPA*,
549 U.S. 497 (2007).............................................................................................9

*Mass. Mut. Life Ins. Co. v. Russell*,
473 U.S. 134 (1985)....................................................................................................... 6

*McCool v. AHS Management Company, Inc.*,
2021 WL 826756 (M.D. Tenn. March 4, 2021).........................................................18

*McDonald v. Jones*,
2017 WL 372101 (E.D. Mo. Jan. 26, 2017) ............................................................. 9

*In re Medstar ERISA Litig.*,
No. 1:20-cv-01984-DLB, (D.Md. July 12, 2022) ..................................................... 2

*Mehling v. New York Life Ins. Co. et al.*,
246 F.R.D. 467 (E.D. Pa. 2007).............................................................................. 22

*In re: Merck & Co., Inc., Securities, Derivative & ERISA Litig.*,
MDL No. 1658 WL 331426, (D.N.J. Feb. 10, 2009)................................................... 1

*Moitoso v. FMR LLC*,
No. 1:18-cv-12122, (D. Mass. May 7, 2019)............................................................ 2

*Moore v. Comcast Corp.*,
268 F.R.D. 530 (E.D. Pa. 2010)..................................................................... 1, 6, 13

*Moore v. Simpson*,
1997 WL 570769 (N.D. Ill. Sept. 10, 1997) .......................................................... 13

*Moreno, et al., v. Deutsche Bank Ams. Holding Corp.*,
2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017)....................................................... 1, 18

*Natchitoches Parish Hosp. Serv. Dist. v. Tyco Int'l, Ltd.*,
247 F.R.D. 253 (D.Mass.2008)............................................................................... 18

*In re: Nat'l Football League Players Concussion Injury Litig*,
821 F.3d 410 (3d Cir. 2016) , *as amended* (May 2, 2016)) ...................................... 15

*Neil v. Zell*,
275 F.R.D. 256, 267 (N.D. Ill. 2011)...................................................................... 22

*New Directions Treatment Servs. v. City of Reading*,
490 F.3d 293 (3d Cir. 2007)............................................................................ 15, 18

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
259 F.3d 154 (3d Cir. 2001).................................................................................... 13

*In re: Nortel Networks Corp. ERISA Litig.*,
2009 WL 3294827 (M.D. Tenn. Sept. 2, 2009)...................................................... 22

*Nunez, et al., v. B. Braun Medical, Inc., et al.*,
No. 5:20-cv-04195 (E.D. Pa. June 30, 2022) ........................................................... 1, 20

*Pizarro v. Home Depot, Inc.*,
2020 WL 6939810 (N.D. Ga. Sept. 21, 2020) ............................................................. 17

*Pledger v. Reliance Tr. Co.*,
No. 1:15-cv-4444, (N.D. Ga. Nov. 7, 2017) ................................................................. 2

*Reetz v. Lowe's Cos., Inc.*,
No. 5:18-cv-00075(W.D.N.C. Nov. 5, 2020) ................................................................ 2

*Reinig v. RBS Citizens, N.A.*,
912 F.3d 115 (3d Cir. 2018) ........................................................................................ 11

*Ripley v. Sunoco, Inc.*,
287 F.R.D. 300 (E.D. Pa. June 26, 2012) .................................................................... 11

*Rodriguez v. Nat'l City Bank*,
726 F.3d 372 (3d Cir. 2013) ........................................................................................ 11

*Rozo v. Principal Life Ins. Co.*,
2017 WL 2292834 (S.D. Iowa May 12, 2017) .............................................................. 2

*Sacerdote v. New York Univ.*,
2018 WL 840364 (S.D.N.Y. Feb. 13, 2018) ...................................................... 2, 16, 22

*In re: Schering-Plough Corp. Enhance ERISA Litig.*,
2012 WL 1964451 (D.N.J. Dec. 16, 2010) ..................................................... 1, 12, 14

*In re: Schering Plough Corp. ERISA Litig.*,
589 F.3d 585 (3d Cir. 2009) ..................................................................................... 2, 6

*Shirk v. Fifth Third Bancorp*,
No. 05-cv-049, 2008 WL 4425535 (S.D. Ohio Sept. 30, 2008) ................................... 22

*Sims v. BB&T Corp.*,
2017 WL 3730552 (M.D.N.C. Aug. 28, 2017) ................................................. 2, 14, 18

*Spano v. Boeing Co.*,
633 F.3d 574 (7th Cir. 2011) ...................................................................................... 12

*Stanford* v. *Foamex, L.P.*,
263 F.R.D. 156 (E.D. Pa. 2009) ........................................................................ 1, 14, 16

*Stengl et al. v. L3Harris Technologies, et al.*,
No. 6:22-cv-572 (M.D. Fla. June 5, 2023)........................................................................ 12, 16

*Stewart v. Abraham*,
275 F.3d 220 (3d Cir. 2001)........................................................................................ 10, 13

*Surowitz v. Hilton Hotels Corp.*,
383 U.S. 363 (1966) ....................................................................................................15, 19

*Sweet v. Advance Auto Stores Co., Inc.*,
No. 7:21-cv-549 (W.D. Va. June 9, 2023) ......................................................................... 21

*Szczubelek v. Cendant Mortgage Corp.*,
215 F.R.D. 107 (D.N.J. 2003)...................................................................................... 15, 18

*Thomas v. SmithKline Beecham Corp.*,
201 F.R.D. 386 (E.D. Pa. 2001) ....................................................................................... 10

*Troudt v. Oracle Corp., et al.*,
325 F.R.D. 373 (D. Colo. 2018) ......................................................................................... 2

*Tussey v. ABB, Inc.*,
No. 06-cv-4305, 2007 WL 4289694 (W.D. Mo. Dec. 3, 2007)........................................... 9

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
2017 WL 2655678 (C.D. Cal. June 15, 2017) .................................................................... 2

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
2016 WL 4507117 (C.D. Cal. Aug. 5, 2016) ..................................................................... 9

*Velazquez, et al., v. Massachusetts Financial Services Company d/b/a MFS Investment Management, et al.*,
1:17-cv-11249-RWZ (D. Mass., 2019)............................................................................... 2

*Vellali v. Yale Univ.*,
33 F.R.D. 10 (D. Conn. 2019)............................................................................................. 1

*Wachala et al. v. Astella US LLC et al.*,
2022 WL 408108 (N.D. Ill. Feb. 10, 2022) .............................................................. 1, 11, 12

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)........................................................................................................ 11

*In re Warfarin Sodium Antitrust Litig.*,
391 F.3d 516 (3d Cir. 2004)........................................................................................ 11, 15

*Wehner v. Genentech, Inc.*,
No. 3:20-cv-06894-RS, (N.D. Cal. Sept. 22, 2022) ........................................................ 2

*Wildman v. Am. Century Servs., LLC*,
2017 WL 6045487 (W.D. Mo. Dec. 6, 2017) ......................................................... 2, 19

*In re: Wilmington Trust Corp.*,
2013 WL 4757843 (D. Del. Sept. 4, 2013) ................................................................. 3

**Statutes**

29 U.S.C. § 1002(21)(A) ................................................................................................6

29 U.S.C. § 1002(34) ....................................................................................................4

29 U.S.C. § 1104 .........................................................................................................23

29 U.S.C. § 1009 ...........................................................................................................8

29 U.S.C. § 1132(a)(2) ...........................................................................................3, 8, 24

Fed. R. Civ. R. 23 ...................................................................................................14, 19

Fed. R. Civ. R. 23(a) ....................................................................................2, 6, 10, 23

Fed. R. Civ. R. 23(a)(1) ...............................................................................................10

Fed. R. Civ. R. 23(a)(2) ...............................................................................................13

Fed. R. Civ. R. 23(a)(3) ..........................................................................................13, 14

Fed. R. Civ. R. 23(a)(4) ....................................................................................14, 15, 19

Fed. R. Civ. R 23(b) .................................................................................................2, 23

Fed. R. Civ. R. 23(b)(1) ....................................................................................2, 20, 22, 23

Fed. R. Civ. R. 23(b)(1)(A) .......................................................................................2, 23

Fed. R. Civ. R. 23(b)(1)(B) ....................................................................................2, 22, 23

Fed. R. Civ. R. 23(b)(2) ...............................................................................................23

Fed. R. Civ. R. 23(g) ...............................................................................................19, 20

Fed. R. Civ. R. 23(g)(1)(A) .......................................................................................19, 20

Fed. R. Civ. R. 23(g)(1)(B) .......................................................................................19, 20

**Other Sources**

The Employee Retirement Income Security Act of 1974 ......................................*Passim*

x

Plaintiffs, Bradley J. McLachlan and Alex D. Graham, (collectively, "Plaintiffs"), respectfully submit this memorandum in support of their motion for class certification.

## I.     INTRODUCTION

Plaintiffs' motion for class certification follows this Court's order denying Defendants' Motion to Dismiss (ECF No. 35) Plaintiffs' First Amended Class Action Complaint. Plaintiffs' First Amended Class Complaint (ECF No. 15) alleges claims under ERISA[1] § 502(a)(2) for breaches of fiduciary duty of the type routinely certified in this Circuit and courts throughout the country.  *See, e.g., Boley et al. v. Universal Health Services, Inc.*, 36 F.4th 124, 127 (3d Cir. 2022) (affirming district court's grant of class certification); *Nunez et al. v. B. Braun Medical Inc. et al.*, No. 20-4195 (E.D. Pa. Aug. 10, 2022) (Amended Order granting motion for class certification) (attached hereto as Exhibit 6 to the Declaration of Mark K. Gyandoh "Gyandoh Decl."); *In re: Merck & Co., Inc., Securities, Derivative & ERISA Litig.*, MDL No. 1658, 2009 WL 331426, at *10-12 (D.N.J. Feb. 10, 2009);  *Stanford* v. *Foamex, L.P.*, 263 F.R.D. 156, 175 (E.D. Pa. 2009); *In re: Schering-Plough Corp. Enhance ERISA Litig.*, 2012 WL 1964451 (D.N.J. Dec. 16, 2010); *Moore v. Comcast Corp.*, 268 F.R.D. 530, 538 (E.D. Pa. 2010); *Cunningham, et al. v. WAWA, Inc., et al*, 387 F.Supp.3d 529 (E.D. Pa. 2019).[2]   Indeed, "[i]n light of the derivative nature of ERISA

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*.

[2] Many other recent decisions have certified classes in ERISA actions alleging breach of fiduciary duty due to excessive fees and/or inclusion of imprudent investment options in retirement plans. *See, e.g. Wachala et al. v. Astella US LLC et al.*, 2022 WL 408108, at * 1 (N.D. Ill. Feb. 10, 2022) (certifying claims brought pursuant to ERISA § 502(a)(2); *Jacobs v. Verizon Communications, Inc. et al.*, 2020 WL 5796165 (S.D.N.Y. Sept. 29, 2020) (same); *Karg v. Transamerica Corp.*, 2020 WL 3400199 (N.D. Iowa Mar. 25, 2020) (certifying class alleging defendants breached fiduciary duties by selecting poorly performing investment options); *Vellali v. Yale Univ.*, 33 F.R.D. 10 (D. Conn. 2019) (certifying class in case alleging fiduciaries saddled retirement plan with investment options that charged excessive management fees); *Cunningham et al. v. Cornell Univ.*, 2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) (same); *Beach v. JPMorgan Chase Bank, N.A.*, 2019 WL 2428631 (S.D.N.Y. June 11, 2019) (same); *Leber, et al., v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145 (S.D.N.Y. 2017) (same);  *Moreno, et al., v. Deutsche Bank Ams. Holding*

§ 502(a)(2) claims, breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class." *In re: Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009). Class certification in these types of ERISA cases is so routine in fact, defendants in this Circuit and in courts throughout the country regularly stipulate to class certification. *See, e.g., Johnson v. The PNC Financial Servs. Grp., Inc.,* No.2:20-cv-1493-CCW, Dkt. No. 80 (W.D. Pa. Sept. 16, 2022)*; Cunningham v. Wawa, Inc.,* 387 F.Supp. 3d 529 (E.D. Pa. 2019).[3]

Plaintiffs seek to certify the following class pursuant to FED. R. CIV. P. 23(a) and (b)(1):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Elevator Constructors Annuity and 401(k) Retirement Plan (the "Plan"), at

---

*Corp.,* 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017) (same); *Henderson, et al., v. Emory Univ., et al.*, 2018 WL 6332343 (N.D. Ga. Sept. 13, 2018) (certifying class under 23(b)(1)(A) and (B)); *Fuller, et al., v. SunTrust Banks, Inc., et al.*, 2018 U.S. Dist. LEXIS 113108 (N.D. Ga. June 27, 2018) (same); *Clark v. Duke Univ.*, 2018 WL 1801946 (M.D.N.C. April 13, 2018) (same); *Sacerdote v. New York Univ.,* 2018 WL 840364 (S.D.N.Y. Feb. 13, 2018) (same); *Troudt v. Oracle Corp., et al.*, 325 F.R.D. 373 (D. Colo. 2018) (certifying class and subclasses pursuant to Rule 23(b)(1)(A)); *Wildman v. Am. Century Servs., LLC,* 2017 WL 6045487 (W.D. Mo. Dec. 6, 2017) (certifying class and subclasses pursuant to Rule 23(b)(1)); *Marshall, et al., v. Northrop Grumman Corp.*, 2017 WL 6888281 (C.D. Cal. Nov. 2, 2017) (certifying class and subclasses pursuant to Rules 23(a) and 23(b)(1)); *Sims v. BB&T Corp.*, 2017 WL 3730552 (M.D.N.C. Aug. 28, 2017) (certifying class and subclasses pursuant to Rules 23(a) and Rule 23(b)(1)(A)); *Cryer v. Franklin Templeton Res., Inc.*, 2017 WL 4023149 (N.D. Cal. July 26, 2017) (certifying class and subclasses pursuant to Rule 23(b)(1)); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2017 WL 2655678 (C.D. Cal. June 15, 2017) (certifying class and subclass pursuant to Rule 23(b)(1)); *Rozo v. Principal Life Ins. Co.*, 2017 WL 2292834 (S.D. Iowa May 12, 2017) (certifying class and subclasses pursuant to Rules 23(a) and Rule 23(b)(1)(A)).

[3] *See Coviello v. BHS Management Services, Inc.*, No. 3:20-cv-30198-MGM (D. Mass. Mar. 20, 2023); *Velazquez, et al., v. Massachusetts Financial Services Company d/b/a MFS Investment Management, et al.,* 1:17-cv-11249-RWZ (D. Mass., 2019); *In re Biogen ERISA Litig.*, No. 20-cv-11325, Dkt. No. 104 (D. Mass. Nov. 8, 2022); *Moitoso v. FMR LLC*, No. 1:18-cv-12122, Dkt. No. 83 (D. Mass. May 7, 2019;*Wehner v. Genentech, Inc.*, No. 3:20-cv-06894-RS, Dkt. No. 98 (N.D. Cal. Sept. 22, 2022); *In re Medstar ERISA Litig.*, No. 1:20-cv-01984-DLB, Dkt. 64 (D.Md. July 12, 2022); *Feinberg v. T. Rowe Price Group, Inc.*, No. 1:17-cv-00427, Dkt. 83 (D. Md. May 17, 2019); *Reetz v. Lowe's Cos., Inc.*, No. 5:18-cv-00075, Dkt. 97 (W.D.N.C. Nov. 5, 2020); *Pledger v. Reliance Tr. Co.*, No. 1:15-cv-4444, Dkt. No. 101 (N.D. Ga. Nov. 7, 2017).

any time between October 13, 2016 through the date of judgment (the "Class Period").

Additionally, Plaintiffs respectfully request that this Court appoint them as representatives for the certified Class, and appoint their counsel, Capozzi Adler, P.C., ("Capozzi Adler") as Class Counsel.

As discussed below, Plaintiffs' ERISA claims satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b): (1) during the Class Period, there were thousands of participants in the Plan; (2) Plaintiffs are typical of the class members; (3) common issues abound regarding the manner in which Defendants managed the Plan's assets; and (4) Plaintiffs have retained experienced class counsel and are adequate to represent the interests of the class.[4] Notably, in addition to the decisions cited above, dozens of ERISA actions alleging similar breaches of fiduciary duty have been certified in this Circuit and throughout the country.[5]  The same is warranted here.

---

[4] Plaintiffs seek class certification because it will likely afford Plan participants the best possible representation and the best protection of their interests (including via the Court's Rule 23(d) supervisory authority).  *See, e.g.*, *Coan v. Kaufman*, 457 F.3d 250, 261 (2d Cir. 2006) (finding plaintiff's failure to proceed under Rule 23 meant the case was "without the benefit of a procedural mechanism for the protection of the interested parties").  However, Plaintiffs do not concede that class certification is required for them to prosecute claims on behalf of the Plan and all participants. *See, e.g.*, *In re: Wilmington Trust Corp.*, 2013 WL 4757843, at *3 (D. Del. Sept. 4, 2013) (granting plaintiffs' motion to proceed derivatively on behalf of all plan participants without class certification, because of the nature of such claims).

[5] *See* Exhibit 3 to the accompanying Declaration of Mark K. Gyandoh (the "Gyandoh Decl.") (a non-exhaustive list of decisions certifying classes in ERISA breach of fiduciary duty actions like the instant action brought pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).  All Exhibits referenced herein are attached to the Gyandoh Declaration.

## II.    STATEMENT OF FACTS

### A.  Nature of the Plan

The Plan is a defined contribution plan covering substantially all eligible employees of the members of the Elevator Constructors Annuity and 401(k) Retirement Plan. 2020 Auditor Report at 4. More specifically, the Plan is a "defined contribution" or "individual account" plan within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34), in that the Plan provides for individual accounts for each participant and for benefits based solely upon the amount contributed to those accounts, and any income, expense, gains and losses, and any forfeitures of accounts of the participants which may be allocated to such participant's account. *Id*. Consequently, retirement benefits provided by the Plan are based solely on the amounts allocated to each individual's account. *Id.*

### B.  The Defendants Were Fiduciaries of the Plan

The Elevator Constructors Annuity and 401(k) Retirement Plan ("Plan") is a multiemployer plan also often referred to as a "Taft-Hartley" plan[6]. A multiemployer plan is collectively bargained for by a labor union and more than one contributing employer, typically of related or similar industries ("Participating Employer"). *Id.*  Here, the sponsor of the Plan is the Board of Trustees of the Elevator Constructors Annuity and 401(k) Retirement Plan ("Trustees"). The Trustees are responsible for, among other things, ensuring that the investments available to Plan participants are appropriate, had no more expense than reasonable and performed well as compared to their peers and that the Plan paid a fair price for RKA services. 2020 Auditor Report at 4.

---

[6] Multiemployer v. Multiple Employer at 1, published by Ekon Benefits and available at https://www.ekonbenefits.com/publish/pdf/251/spotlight_201506.pdf

In 1998, Otis Elevator Company ("Otis") and the International Union of Elevator Constructors (the "Union"), and certain individual Trustees, entered into a Trust Agreement establishing this 401(k) Retirement Fund. *See* RESTATED TRUST AGREEMENT FOR THE ELEVATOR CONSTRUCTORS ANNUITY AND 401(k) RETIREMENT FUND ("Trust Agreement"). According to the Trust agreement, "The Trustees shall be the Named Fiduciary and Administrator of the Fund as those terms are defined in ERISA" *See* Article V, Section 1 of the First Amendment to the Trust Agreement. Among the stated purposes of the Trust Fund is to provide "retirement and other benefits which may be permitted by law under a 401(k) plan of benefits adopted by the Trustees" See Article II, Section 3 of the Trust Agreement. The Plan was then created, and "(t)he Plan shall be administered by a Board of Trustees selected in accordance with the Trust Agreement establishing the Trust Fund." According to the Plan, "'Trustees' means the trustees designated and appointed in accordance with the terms of the Trust Agreement and who are the administrator and named fiduciaries of the Plan within the meaning of ERISA." *See* at Elevator Construction Annuity and 401(k) Retirement Plan at 10 (Amended and Restated effective January 1, 2015).

As stated in the Plan's Investment Policy Statement, the Trustees must evaluate "the performance of each investment option the 401(k) Plan offers on a quarterly basis, including the risk and return of each such option in absolute terms and compared to relevant benchmark and peers." The Investment Policy Statement of the Elevator Constructors Annuity and 401(k) Retirement Plan ("IPS") at 9. In addition, the Trustees are ultimately responsible for evaluating the "the reasonableness of investment management, recordkeeping and investment consulting costs and fees." IPS at 3.

The Trustees and each of its members were fiduciaries of the Plan during the Class Period, within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A) because each exercised discretionary authority over management or disposition of Plan assets.

### C.  The Named Plaintiffs

Defendants admit that that each Named Plaintiff was a participant in the Plan during the Class Period and was invested in at least one of the options currently at issue.  Plaintiff Bradley J. McLachlan was a was a participant in the Plan during the Class Period, was invested in at least one of the options offered by the Plan, and was subject to Plan's recordkeeping fees which are the subject of the lawsuit. *See* Gyandoh Decl. ¶¶ 48, 49; Exhibit 4, ¶ 5 (Declaration of Bradley J. McLachlan) ("McLachlan Decl.").  Plaintiff Alex D. Graham was a participant in the Plan during the Class Period, was invested in at least one of the options offered by the Plan, and was subject to Plan's recordkeeping fees which are the subject of the lawsuit. *See* Gyandoh Decl. ¶¶ 48, 50; Exhibit 5, ¶ 5 (Declaration of Alex D. Graham) ("Graham Decl.").

## III.    STANDARD FOR CLASS CERTIFICATION

A proposed class must meet the four requirements of FED. R. CIV. P. 23(a) and one of the requirements of Rule 23(b).  *In re: Schering-Plough Corp. ERISA Litig.*, 589 F.3d 585, 596 (3d Cir. 2009) ("*Schering-Plough*"); *Moore v. Comcast Corp.*, 268 F.R.D. 530, 535 (E.D. Pa. 2010). The Supreme Court has acknowledged the virtues of the class action device and the utility of FED. R. CIV. P. 23 in bringing private rights of action.  *See, e.g.*, *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982) ("[T]he class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23."); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9

(1985) (noting that Congress expressed intent that ERISA "actions for breach of fiduciary duty be brought in a representative capacity on behalf of the plan as a whole").

In light of the derivative nature of claims brought on behalf of a plan under ERISA Section 502(a)(2), numerous courts in this Circuit have found these types of claims well-suited for class treatment.  *See, supra* p. 1.; *see also Kolar v. Rite Aid Corp.*, No. 01-CV-1229, 2003 WL 1257272, at *3 (E.D. Pa. Mar. 11, 2003) (certifying 23(b)(1) class); *In re: Ikon Office Solutions, Inc.*, 191 F.R.D. 457, 467 (E.D. Pa. 2000) ("*Ikon*") (same); *Kane v. United Indep. Union Welfare Fund*, No. 97-CV-1505, 1998 WL 78985, at *9 (E.D. Pa. Feb. 24, 1998).  Courts around the country agree, *see* fn 5, and the same result should apply here.

## IV.    PLAINTIFFS ASSERT VIABLE CLAIMS

Plaintiffs' alleged facts are set forth in the Amended Complaint and the Gyandoh Declaration.  *See* ECF No. 15; Gyandoh Decl. ¶¶ 4-22. In short, the Plan plays a central role in the retirement planning for Plaintiffs and the other Class members, and prudent management of the Plan will directly impact their financial security during retirement. Accordingly, the Trustees' prudent selection and monitoring of all fees incurred by plan participants, including the Plan's recordkeeping and administration fees, is crucial to fulfilling the purpose of the Plans. *Id.*

In the Amended Complaint, Plaintiffs assert the following claims: (1) Count I against the Trustee Defendants for "breach(ing) these fiduciary duties in multiple respects as discussed throughout this Complaint such as failing to make decisions regarding the Plan's RKA fees," which resulted in "saddling the Plan and its participants with excessive Plan RKA costs." Cmplt. ¶¶ 114, 115. And (2) Count II against the Trustee Defendants for their failure to adequately monitor other fiduciaries by "[f]ailing to monitor and evaluate the performance of the Trustees Defendants or have a system in place for doing so, standing idly by as the Plan suffered significant losses as a

result of the Trustee Defendants' imprudent actions and omissions," "failing to monitor the processes by which Plan investments were evaluated," and "failing to remove Trustee members whose performance was inadequate in that they continued to maintain imprudent, excessively costly, and poorly performing investments within the Plan, all to the detriment of the Plan and Plan participants' retirement savings." Cmplt. ¶ 123.

As set forth below, the claims here are ideally suited for class treatment.

## V.   ARGUMENT

### A.  Plaintiffs Have Standing to Pursue Claims on Behalf of the Plan

Plaintiffs in an ERISA case like this one may seek recovery on behalf of the entire plan. A suit under 29 U.S.C. §1132(a)(2) is "brought in a representative capacity on behalf of the plan as a whole," and remedies under §1109 "protect the entire plan." *Braden v. Wal-Mart Stores, Inc*, 588 F.3d 585, 593 (8th Cir. 2009). Thus, plaintiffs in an ERISA case like this one may seek recovery on behalf of the ***entire plan***, even if they did not personally invest in every one of the funds that caused injury.  Plaintiffs suffered injuries in their own investment funds that were imprudently selected and monitored by Defendants, including injuries that were caused through the payment of excessive investment management and recordkeeping fees.  This gives them standing to pursue the Plan's losses caused by Defendants' ***related*** conduct concerning the funds in which Plaintiffs were not invested.[7]  The court in *Clark v. Duke University*, 2018 WL 1801946 (M.D.N.C. April 13, 2018), an analogous ERISA action, explained it this way:

---

[7] *See, e.g.*, *Hay v. Gucci America*, *Inc., et al.*, 2018 WL 4815558, at * 4 (D.N.J. Oct. 3, 2018) ("Although in certain types of matters, courts have found that a plaintiff cannot suffer an injury from an investment that he or she did not purchase, 'courts have declined to apply the above bright-line rule when addressing ERISA claims for breach of fiduciary duties.'") (citation omitted); *Beach v. JPMorgan Chase Bank, N.A.*, 2019 WL 2428631, at *5 (S.D.N.Y. June 11, 2019) (finding plaintiffs had standing to assert claims related to funds in which they did not invest); *Larson v.*

The cases cited by the defendants do not require a different conclusion. Those cases involve allegations that the ERISA fiduciaries breached their duties in buying or keeping specific funds in which the named plaintiff did not invest.

****

That is not the case here, where the plaintiffs are invested in some of the challenged funds and where they allege that the breach of fiduciary duty arose from the overall decision-making processes, or lack thereof.

'At bottom, the gist of the question of standing is whether [plaintiffs] have such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination.'

*Id.* at * 4-5 (quoting *Massachusetts v EPA,* 549 U.S. 497, 517 (2007)); *see also Cassell v. Vanderbilt Univ.*, 2018 WL 5264640 at * 3 (M.D. Tenn. Oct. 23, 2018) (while certifying class, observing that like Plaintiffs here, "[p]laintiffs allege that Defendants failed independently to evaluate investment options and adequately to monitor those investments, resulting in injuries to the Plan…. [The plaintiffs] were invested in only some of those allegedly imprudent funds. To the extent this allegedly imprudent practice of Defendants resulted in investment in allegedly imprudent funds, participants in those funds were injured.").  Here, Plaintiffs allege, and Defendants admit each of the Plaintiffs is a former participant in the Plan and had investments in at least one of the challenged funds.  Plaintiff McLachlan invested in the T.Rowe Price Retirement 2030 Fund and Plaintiff Graham invested in the Janus Henderson Venture Fund. *See* Amend. Complaint (ECF No. 15) at ¶¶ 18-19; Gyandoh Decl. ¶ 28 (citing Defs. Answer) (ECF No. 40) at ¶¶ 18-19; *See also* McLachlan

---

*Allina Health Sys.*, 350 F.Supp. 3d 780, 792 (D. Minn. 2018) (same); *Johnson v. Providence Health & Services, et al.*, 2018 WL 1427421, at * 4 (W.D. Wash. Mar. 22, 2018) (same); *Johnson et al. v. Fujitsu Tech. and Bus. of Am., Inc.*, 250 F.Supp. 3d 460, 465  (N.D. Cal. Apr. 11, 2017) (same); *Leber v. Citigroup*, No. 07-cv-9329, 2017 WL 5664850, at * 6  (S.D.N.Y. Nov. 27, 2017) (same); *Glass Dimensions, Inc. v. State Street Bank & Trust Co.*, 285 F.R.D. 169, 175 (D. Mass. 2012) (same); *Tussey v. ABB, Inc.*, No. 06-cv-4305, 2007 WL 4289694, *2 (W.D. Mo. Dec. 3, 2007) (same); *McDonald v. Jones*, 2017 WL 372101, at * 3 (E.D. Mo. Jan. 26, 2017) (same); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2016 WL 4507117, at *4-5 (C.D. Cal. Aug. 5, 2016) (same).

Decl., ¶ 5; Graham Decl., ¶ 5.  Importantly, Plaintiffs were also harmed by having to pay excessive recordkeeping fees associated with the Plan.  Accordingly, Plaintiffs have standing to pursue the Plan and class members' claims.

### B. The Proposed Class Satisfies the Requirements of Federal Rule of Civil Procedure 23(a)

A class must first satisfy the four basic prerequisites of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. FED. R. CIV. P. 23(a); FED. R. CIV. P. 23(a); *Schering-Plough*, 589 F.3d at 596; *Moore*, 268 F.R.D. at 535.  Plaintiffs have satisfied all four elements of Rule 23(a).

### 1. The Proposed Class Satisfies the "Numerosity" Requirement of 23(a)(1).

Rule 23(a)(1) calls for certification if "the class is so numerous that joinder of all members is impracticable."  FED. R. CIV. P. 23(a)(1).  When there "are thousands of participants in [a] plan in any given year," the court "should make common sense assumptions regarding numerosity." *Ikon I*, 191 F.R.D. at 462 (numerosity satisfied in analogous ERISA breach of fiduciary duty case where there were thousands of plan participants); *see also Thomas v. SmithKline Beecham Corp.*, 201 F.R.D. 386, 391 (E.D. Pa. 2001).  Here, numerosity is clearly satisfied because the Plan had at least 29,976[8] participants with account balances during the Class Period, which is more than sufficient to find joinder of all parties is impracticable, thereby satisfying Rule 23(a)(1).  *See, e.g.*, *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001) (generally more than 40 is sufficient).

---

[8] 2020 Form 5500 which showed 29,976 Plan participants with account balances.

### 2. The Proposed Class Satisfies the "Commonality" Requirement of 23(a)(2)

In order to obtain certification, Plaintiffs must also demonstrate the existence of common questions of law or fact. FED. R. CIV. P. 23(a)(2). "Rule 23(a)(2)'s commonality requirement requires the putative class members 'share at least one question of fact or law in common with each other.'" *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 127 (3d Cir. 2018) (quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 528 (3d Cir. 2004); *Rodriguez v. Nat'l City Bank*, 726 F.3d 372, 382 (3d Cir. 2013) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994)). ("A putative class satisfies Rule 23(a)'s commonality requirement if 'the named plaintiffs share at least one question of fact or law with the grievances of the prospective class.'"). Examples are when class members challenge the same conduct of the defendants, or when plaintiffs show class members suffered the same injury. *Ripley v. Sunoco, Inc.*, 287 F.R.D. 300, 308 (E.D. Pa. June 26, 2012) (citing *Wal-Mart Stores, Inc., v. Dukes*, 564 U.S. 338, 348 (2011)). In fact, "[a] finding of commonality does not require that all class members share identical claims, and indeed 'factual differences among the claims of the putative class members do not defeat certification,'" *In re: AremisSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 120 (D.N.J. 2002) (internal citation and quotation omitted). "ERISA actions have sufficient commonality when class members share questions of 'whether Defendants acted as fiduciaries, whether they breached their duties of prudence and loyalty, [and] whether they violated ERISA, as well as whether and to what extent the Plan was injured as a result.'" *Karg*, 2020 WL 3400199, at * 2.

In ERISA cases involving defined-contribution plans, commonality "is easily satisfied" because, "'fund participants operate against a common background,' and allegations that a fiduciary has breached its duties in the selection of investment options describe a problem that operates across the plan rather than at the individual level.'" *Wachala et al. v. Astella US LLC et*

*al.*, 2022 WL 408108, at * 5 (N.D. Ill. Feb. 10, 2022) (internal citations omitted); *see also Spano v. Boeing Co.,* 633 F.3d 574, 586 (7th Cir. 2011) (holding commonality was satisfied because "[t]he assertion that Boeing imposes excessive fees on all participants, as well as the assertion that Boeing has failed to satisfy its fiduciary duties in its selection of investment options, both describe problems that would operate across the plan rather than at the individual level."); *Stengl et al. v. L3Harris Technologies, et al.,* No. 6:22-cv-572 at 2-3 (M.D. Fla. June 5, 2023) (attached hereto as Exhibit 7 to the Declaration of Mark K. Gyandoh "Gyandoh Decl.") ("Plaintiffs have shown that a common question exists as to whether Defendants breached ERISA's duty of prudence in connection with selecting and monitoring the Plan's investment options and monitoring the compensation paid for recordkeeping and administration services.").

Here, the overarching questions of law and fact applicable to all Plan participants are whether Defendants breached fiduciary duties owed to the Plan and its participants by: selecting and retaining investment options in the Plan despite the high cost of the funds in relation to other comparable investments; failing to investigate the availability of lower-cost share classes of certain target date funds in the Plan; failing to monitor or control the compensation paid for recordkeeping services; and having a disproportionate share of its investments in insurance annuity based investments. *See* Gyandoh Decl., ¶¶ 4-22.   Moreover, as noted *supra* in Section II, all Plan participants were subject to the Trustees' decisions about selection of Plan investments. *See Wal-Mart*, 564 U.S. at 355; *Schering-Plough Enhance*, 2012 WL 1964451, at *3 (D.N.J. May 31, 2012) (where the complaint alleged breach of fiduciary duties owed under ERISA, the determination involves issues of law and fact identical for all class members thereby satisfying the commonality requirement).

Furthermore, this Action also presents many common questions of law and fact, applicable to all members of the Settlement Class, which predominate over any questions affecting solely individual potential members, including: (1) whether Defendants were fiduciaries of the Plan; (2) whether the Plan and the Participants were injured by such breaches; and (3) whether the Class is entitled to damages.  "All of these questions are sufficient to satisfy plaintiffs' burden under Rule 23(a)(2) because they all address common issues of owed fiduciary responsibility to the plan participants." *Moore v. Simpson*, 1997 WL 570769, at *4 (N.D. Ill. Sept. 10, 1997).  Consequently, Plaintiffs demonstrate a "level of commonality more than sufficient under Rule 23(a)(2)."  *In re: Honeywell Int'l Sec. Litig.*, 211 F.R.D. 255, 260 (D.N.J. 2002).

### 3. Plaintiffs' Claims Satisfy the "Typicality" Requirement of 23(a)(3)

Under FED. R. CIV. P. 23 (a)(3), Plaintiffs also must show that the "claims or defenses of the representative parties are typical of the claims or defenses of the class."  FED. R. CIV. P. 23 (a)(3).   However, to satisfy the typicality requirement, the claims of the proposed class representatives need not be wholly identical to that of other class members.  As this Court noted in *Moore*:

> The typicality requirement of Rule 23(a)(3) 'centers on whether the interests of the named plaintiffs align with the interests of the absent members.' *Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2001); *see also Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183 (3d Cir. 2001). The court must determine 'whether the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class.' *Beck v. Maximus*, 457 F.3d 291, 295-96 (3d Cir. 2006) (citation omitted).

*Moore*, 268 F.R.D. at 535.  Further, "complete factual similarity is not required [to establish typicality]; just enough factual similarity so that maintaining the class action is reasonably

economical and the interests of the other class members will be fairly and adequately protected in their absence." *Schering-Plough*, 589 F.3d at 598 (internal quotation omitted).

Here, Plaintiffs easily satisfy the typicality prong of Rule 23 because "[a]s common investors in the Challenged Funds, plaintiffs and proposed class members allege similar harm resulting from defendants' alleged fiduciary breaches.  In fact, the harm may be identical."  *Karg*, 2020 WL 3400199, at * 3;  *see also Stanford*, 263 F.R.D. at 167 (finding typicality requirement satisfied "because plaintiff challenges the same conduct that affects both the plaintiff and the absent class members"); *Sims v. BB&T Corp.*, 2017 WL 3730552, at*4 (M.D.N.C. Aug. 28, 2017) (finding typicality where "each named plaintiff's claim and each class member's claim is based on the same events and legal theory—a breach of fiduciary duty stemming from the defendants' alleged disloyal and imprudent process for selecting, administering, and monitoring the [p]lan's investments" and where "the remedial theory . . . is identical for the named plaintiffs and the class members.") (citations omitted).

Like Plaintiffs, each proposed Class member was a participant in the Plan during the Class Period.  Each Plaintiff, like the Plan itself and all members of the Class, sustained injury caused by Defendants' fiduciary breaches in imprudently selecting investment options and paying excessive fees related to Plan administration.  Since resolution of Plaintiffs' claims will equally impact the claims of the Plan and the proposed class, the typicality requirement of Rule 23(a)(3) is satisfied.

### 4.  Plaintiffs Will Adequately Protect the Interest of the Class, Satisfying Rule 23(a)(4)

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a)(4).  "The rule 'tests the qualifications of class counsel and the class representatives. It also aims to root out conflicts of interest within the class to ensure

that all class members are fairly and adequately represented in negotiations.'" *Fulton-Green v. Accolade, Inc.*, No. 18-274, 2019 WL 4677954, *5 (E.D. Pa. Sept. 24, 2019) (quoting *In re: Nat'l Football League Players Concussion Injury Litig,* 821 F.3d 410, 428 (3d Cir. 2016), *as amended* (May 2, 2016)). This test "assures that the named plaintiffs' claims are not antagonistic to the class and that the attorneys for the class representatives are experienced and qualified to prosecute the claims on behalf of the entire class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 296 (3d Cir. 2006) (citation and quotation marks omitted). Here both prongs of the adequacy test are met.

### a.   **Plaintiffs Are Adequate Class Representatives**

The core of the analysis of the first prong is whether the named plaintiffs have interests antagonistic to those of the class. FED. R. CIV. P. 23(a)(4); *see also New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007). Rule 23(a)(4) "mainly seeks 'to uncover conflicts of interest between named parties and the class they seek to represent.'" *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007) ("*New Directions*") (quoting *In re: Warfarin Sodium Antitrust Litig.,* 391 F.3d 516, 532 (3d Cir. 2004)). "A class representative need only possess 'a minimal degree of knowledge necessary to meet the adequacy standard,'" *Id.* (quoting *Szczubelek v. Cendant Mortgage Corp.,* 215 F.R.D. 107, 119 (D.N.J. 2003)), and "[t]his is a relatively low bar."[9] *Bordeaux v. LTD Financial Svcs., L.P.,* No. 2:16–0243 (KSH) (CLW), 2017 WL 6619226, *4 (D.N.J. Dec. 28, 2017) (citing *New Directions*, 490 F.3d at 313).

A representative need not have detailed knowledge of the facts, particularly in complex cases "in which the defendant's liability can be established only after a great deal of investigation

---

[9] Indeed, long ago the Supreme Court remarked that Rule 23 should not be used to "defeat the ends of justice" by facilitating the dismissal of class action complaints involving unsophisticated named plaintiffs. *See Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966).

and discovery by counsel against a background of legal knowledge[.]" *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 430 (4th Cir. 2003); *Baffa v. Donaldson*, 222 F.3d 52, 61 (2d Cir. 2000) (noting Supreme Court has "expressly disapproved" attacking "the adequacy of a class representative based on the representative's ignorance."). Importantly, here, "the interests of all Plan participants are aligned because the named Plaintiffs have similar legal and financial interests in this action as the proposed class members." *Stengl* No. 6:22-cv-572 at 4. (M.D. Fla. June 5, 2023).

In this case, the representative plaintiffs have suffered similar injuries to the entire class. Further, the interests of all Plan participants are aligned because the named Plaintiffs "have identical legal and effectively identical financial interests in this action as do the proposed class members" *Sacerdote*, 2018 WL 840364, *4. Plaintiffs have no interests antagonistic with each other, the Class, or any segment of the Class. To the contrary, Plaintiffs' interests are identical to those of the Class. Named Plaintiffs seek to establish Defendants breached their fiduciary duties by continuing to offer inferior investment alternatives and pay excessive recordkeeping fees which caused the Plan and its participants an economic loss. As such, each member of the proposed Class, just like the Named Plaintiffs, has a similar interest in recovering losses suffered by the Plan as a result of the conduct of the Defendants. In other words, Plaintiffs, like all Class members, were participants during the Class Period, and they seek Plan-wide relief for Defendants' identical breaches of fiduciary duty that equally affected similarly situated participants, as discussed above. *See, e.g., Stanford*, 263 F.R.D. at 171 ("Because Stanford is challenging the same course of conduct and seeking the same relief as the rest of the absent class members, the court finds that Stanford's interests are sufficiently aligned with the those of the class."); *Jones v. NovaStar Fin., Inc.*, 257 F.R.D. 181, 192 (W.D. Mo. 2009) ("There is no indication that [plaintiff's] interests are

antagonistic to those of the class (citation omitted). . . .Again, in an action seeking to recover on behalf of a plan, the focus is on the impact of the defendants' actions on that plan.  Indeed [plaintiff] has an incentive to maximize recovery to the Plan because she will be affected.").

Plaintiffs must prove the same wrongdoing by Defendants as any and every absent Class member would need to show to establish Defendants' liability.   Moreover, each Plaintiff has confirmed that he or she is ready, willing, and able to fulfill the duties required of a class representative.  Each Plaintiff has submitted a declaration attesting to his or her efforts to date and confirming their desire to serve as a representative of the Class.  Up to this point in this litigation, they have: reviewed the allegations in the Complaint and provided information to counsel prior to the initiation of this action; provided documents and assisted counsel in discovery matters; and maintained regular communication with counsel in order to stay informed about the case.  *See* McLachlan Decl., ¶ 9; Graham Decl., ¶ 9. As noted in their declarations, Plaintiffs understand their responsibilities and duties as class representatives and will take all steps necessary to protect the interests of the proposed Class. *See* McLachlan Decl., ¶ 10-11; Graham Decl., ¶ 10-11.

"Courts have found similar declarations sufficient to show the named plaintiffs' adequacy." *TriNet*, 2022 WL 13631836, at *9 (M.D. Fla. Oct. 21, 2022) (holding "Plaintiffs have shown that they will adequately prosecute the action" where "[e]ach named Plaintiff has 'submitted a declaration attesting to their efforts to date and confirming their desire to serve as a representative' of the class."). S*ee, e.g.*, *Pizarro v. Home Depot, Inc.*, 2020 WL 6939810, at *11 (N.D. Ga. Sept. 21, 2020). ("[Plaintiffs] have responded to discovery requests ..., appeared for depositions ..., and submitted affidavits attesting to their participation in this action and their willingness to pursue the case vigorously[.]"); *Karg*, 2020 WL 3400199, at * 3 (noting plaintiffs "have submitted signed declarations to the Court attesting to their active participation here, their willingness to undertake

additional responsibility, and their understanding of their role as class representatives to fairly and adequately protect the class members' interests."); *Henderson,* 2018 WL 6332343, at *7 (finding adequacy prong met where, among other things, plaintiffs "submitted affidavits attesting to their participation in [the] action and vowing to vigorously pursue the case."); *Fuller, et al. v. SunTrust Banks, Inc., et al.*, 2018 U.S. Dist. LEXIS 113108, at *17 (N.D. Ga. June 27, 2018) ("Although the affidavits are pro forma documents prepared by counsel, each Plaintiff signed at the bottom acknowledging that the affidavit contained their true contentions"); *Moreno,* 2017 WL 3868803, at * 7 ("Each Plaintiff has filed a declaration attesting that they have reviewed the allegations of the [c]omplaint, are aware that the suit concerns allegations that [d]efendants' investment offerings were improper …."); *Sims*, 2017 WL 3730552, at *5 (finding adequacy prong met where "[t]he Plaintiffs have declared that they will fairly and adequately represent the interests of the class, Docs. 147-1 to 147-12"); *McCool v AHS Management*, No. 3:19-cv-001158 at *7 (finding adequacy prong met where "[a]ll Plaintiffs have been deposed, and all Plaintiffs have filed Declarations in support of this Motion for Class Certification (Doc. Nos. 100-4 - 100-6).").

"A class representative need only possess 'a minimal degree of knowledge necessary to meet the adequacy standard.'" *New Directions Treatment Serv. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007) (quoting *Szczubelek v. Cendant Mortgage Corp.*, 215 F.R.D. 107, 119 (D.N.J. 2003)); *see also Jacobs v. Verizon Communications, Inc.*, 2020 WL 5796165, at * 9 (S.D.N.Y. Sept. 29, 2020) (finding adequacy met where "Plaintiff is 'aware of fundamental aspects of the case,' and that she has 'demonstrat[ed] [an] interest in the litigation [that] is considerable.'") A plaintiff is "not required to have expert knowledge of all the details of a case." *Natchitoches Parish Hosp. Serv. Dist. v. Tyco Int'l, Ltd.,* 247 F.R.D. 253, 265 (D.Mass.2008). Here, the evidence demonstrates Plaintiffs possess more than a "minimal degree of knowledge" necessary to satisfy

the adequacy requirement. As addressed *supra*, Plaintiffs' declarations acknowledge Plaintiffs' intents to represent the interests of the class until the conclusion of this case. McLachlan Decl., ¶¶ 9-11; Graham Decl., ¶¶ 9-11.

Plaintiffs need not possess an extensive financial background to meet the adequacy requirement. *See Buus v. WAMU Pension Plan*, 251 F.R.D. 578, 587 (W.D. Wash. 2008) ("Several decades ago, the Supreme Court remarked that Rule 23 should not be used to 'defeat the ends of justice' by facilitating the dismissal of class action complaints involving unsophisticated named plaintiffs.") (citing *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966)). In fact, each Plaintiff has stated in his/her declaration that he/she is not an expert investor. *See* McLachlan Decl., ¶ 6; Graham Decl., ¶ 6.

Further, in directly analogous actions, courts find plaintiffs, similar to Plaintiffs here, to be adequate.[10] In sum, Plaintiffs satisfy Rule 23(a)(4)'s adequacy requirement.

> **b.    Plaintiffs' Counsel Have No Conflicts With the Class, Are Qualified and Experienced, and Will Vigorously Prosecute This Action for the Class**

The inquiry into the adequacy of class counsel is now decoupled from the Rule 23(a)(4) inquiry into the adequacy of the class representatives and is analyzed under factors set forth in Rule 23(g). *Karg*, 2020 WL 3400199, at *5 (citing FED. R. CIV. P. 23) ("If the motion includes a proposal for the appointment of class counsel, set forth with particularity the information the court must consider in assessing proposed class counsel's ability to represent the interests of the class fairly and adequately, as set forth in Federal Rules of Civil Procedure 23(g)(1)(A) and (B).") Rule 23(g) complements the requirement of Rule 23(a) that class representatives adequately represent the interests of class members by focusing on the qualifications of class counsel. Rule 23(g)(1)(A)

---

[10] *See, e.g.*, *Clark*, 2018 WL 1801946 at *9 (finding plaintiffs met the adequacy requirement); *Wildman*, 2017 WL 6045487, at *5 (same).

instructs the court to consider, among other things: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A). Rule 23(g) notes a court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B).

Here, Capozzi Adler satisfies all prerequisites. First, Capozzi Adler has done significant work identifying and investigating potential claims in this action. It began its investigation of claims several months before filing suit. Gyandoh Decl., ¶¶ 4-9. This work included requesting documents from the Company pursuant to ERISA § 104(b)(4) and engaging consulting experts. *Id*. Second, Capozzi Adler and the undersigned counsel have significant experience handling ERISA matters and have knowledge of the applicable law. *Id*. at ¶¶ 36-47.  Mark K. Gyandoh is a partner and chair of the Fiduciary Practice Group at Capozzi Adler and will lead the litigation of this action. ¶ 37. He has been litigating ERISA fiduciary breach lawsuits for 18 years and he and Capozzi Adler currently serve as counsel in over two dozen fiduciary breach actions across the country. *Id*. at ¶¶ 37-47. Capozzi Adler was recently appointed interim or co-lead counsel in several actions pending across the country and have defeated numerous motions to dismiss, won appellate decisions, and settled analogous cases across the country. *Id*. at ¶¶ 41-47. Based on the foregoing, Capozzi Adler has the requisite qualifications to lead this litigation. Third, Capozzi Adler will commit the necessary resources to represent the class. With three office locations, the firm has been successfully serving clients for over 25 years offering a full range of legal services. *Id*. at ¶ 47.

Accordingly, appointment of Capozzi Adler as Class Counsel is warranted. *See e.g.,* *Coviello v. BHS Management Services, Inc*., No. 3:20-cv-30198-MGM, at 5 (D. Mass. Mar. 20, 2023) (Appointing Capozzi Adler as Class Counsel); *Stengl,* No. 6:22-cv-572 at 5 ("Plaintiffs contend that its counsel, Capozzi Adler, P.C., has no conflicts and will vigorously prosecute this action, noting its investigation, experience, and qualifications. (*See* Doc. 63, pp. 20–21). This thus satisfies the last Rule 23(a) requirement."); *Sweet v. Advance Auto Stores Co., Inc*., No. 7:21-cv-549 (W.D. Va. June 9, 2023) (appointing Capozzi Adler as Class Counsel); *Huang*, No. 8:20-cv-2293-VMC-TGW (appointing Capozzi Adler as Class Counsel);  *Lucas, et al., v. MGM Resorts International, et al.*, 2:20-cv-01750-JAD-NJK (D.C. NV Oct. 20, 2022) (appointing Capozzi Adler as Class Counsel); *Nunez, et al., v. B. Braun Medical, Inc., et al.*, No. 5:20-cv-04195 (E.D. Pa. June 30, 2022) (ECF. 69) (appointing Capozzi Adler as Class Counsel); *Karg*, 2020 WL 3400199, at * 3 (appointing class counsel where "plaintiffs' counsel submitted documentation of their own qualifications and commitment.").

### 5.   The Proposed Class is Adequately Defined and Clearly Ascertainable.

"[A]n essential prerequisite of a class action, at least with respect to actions under Rule 23(b)(3), is that the class must be currently and readily ascertainable based on objective criteria." *Marcus v. BMW of N. Am. LLC*, 687 F.3d 583, 592-93 (3d Cir. 2012).  "It is the Plaintiffs' burden to show by a preponderance of the evidence that the class is currently and readily ascertainable." *In re: Cmty. Bank of N. Va. Mortgage Lending Practices Litig.*, 795 F.3d 380, 392 (3d Cir. 2015) (citing *Carrera v. Bayer Corp.*, 727 F.3d 300, 305 (3d Cir.2013)).  Here, Plaintiffs have clearly defined the proposed Class as:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Elevator Constructors Annuity and 401 (k) Retirement Plan, at any time

between October 13, 2016, through the date of judgment (the "Class Period").

Plaintiffs' proposed class can be adequately ascertained from the records kept by the Plan's recordkeeper.

### C.  The Class May Be Properly Certified Under Rule 23(b)(1)

Courts in this Circuit and around the nation routinely grant certification under Rule 23(b)(1) in ERISA fiduciary breach cases. *See, e.g., Neil v. Zell,* 275 F.R.D. 256, 267 (N.D. Ill. 2011) (listing cases and holding, "ERISA class actions are commonly certified under either or both subsections of 23(b)(1) because recovery for a breach of the fiduciary duty owed to an ERISA plan, as is the predominant claim here, will inure to the plan as a whole, and because defendant-fiduciaries are entitled to consistent rulings regarding operation of the plan. Essentially, in an ERISA action in which relief is being sought on behalf of the plan as a whole (as it is here), a plaintiff's victory would necessarily settle the issue for all other prospective plaintiffs.")

### 1.    Certification Under Rule 23(b)(1)(B) is Most Appropriate

Many courts have relied upon Rule 23(b)(1)(B) in certifying classes in analogous cases because it is particularly suited for cases alleging the breach of fiduciary obligations to plaintiffs. Indeed, the Advisory Committee Notes to Rule 23 explicitly instruct that certification under Rule 23(b)(1)(B) is appropriate in "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." FED. R. CIV. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment). *See, e.g.*, *Mehling v. New York Life Ins. Co. et al*., 246 F.R.D. 467, 478 (E.D. Pa. 2007) (certifying the class pursuant to Rule 23(B)(1)(B) in an ERISA fiduciary duty case); *Nortel*, 2009 WL 3294827, *14-15 (same);

*Shirk v. Fifth Third Bancorp,* No. 05-cv-049, 2008 WL 4425535, at *5 (S.D. Ohio Sept. 30, 2008) (same); *Sacerdote v. New York Univ.*, 2018 WL 840364, at *6 (S.D.N.Y. Feb. 13, 2018) ("Most ERISA class action cases are certified under Rule 23(b)(1)."); *Clark*, 2018 WL 1801946, *9-10 (same).

Here, the Complaint alleges breaches of fiduciary duties under ERISA. Therefore, the only remedy available to participants in the Plans is relief provided to the Plans as a whole, including the restoration of losses. Thus, the proposed Class meets the requirements of FED. R. CIV. P. 23(b)(1), given the nature of this action and the relief sought on behalf of the Class.[11]

### 2. Certification is Also Appropriate Under Section 23(b)(1)(A)

Rule 23(b)(1)(A) "takes in cases where the party is obligated by law to treat the members of the class alike . . . or where the [defendant] must treat all alike as a matter of practical necessity." *Amchem*, 521 U.S. at 614 (citation omitted). This is precisely such a case because the fiduciary duties imposed by ERISA are "duties with respect to a plan" that protect the "interest of the participants and beneficiaries" collectively. *See* 29 U.S.C. § 1104. In discharging their duties to the Plan, Defendants, as fiduciaries, were obligated to treat all participants (and all class members) alike. However, once a court determines that a class of participants and beneficiaries seeking recovery from an ERISA fiduciary satisfies subsection (b)(1)(B) of Rule 23, it is not necessary to consider the alternative subsections of Rule 23(b). *See, e.g.*, *Koch v. Dwyer*, No. 98-CV-5519, 2001 WL 289972, at *5 n.2 (S.D.N.Y. Mar. 23, 2001) ("Since class certification is proper under Rule 23(b)(1)(B), it need not be determined whether Plaintiff has also satisfied the requirements of Rule 23(b)(1)(A) or 23(b)(2).")

## VI.    CONCLUSION

---

[11] *See* Gyandoh Decl., Exhibit 3 (listing decisions certifying Rule 23(b)(1)(B) classes).

For the reasons stated above, Plaintiffs respectfully request that this Court certify this action as a class action under FED. R. CIV. P. 23(a) and (b)(1), appoint Plaintiffs Bradley J. McLachlan and Alex D. Graham, as representatives for the certified Class, and appoint Capozzi Adler as counsel for the certified Class. As explained above, dozens of ERISA actions alleging similar breaches of fiduciary duty have been certified in this Circuit and throughout the country. For the Court's convenience, Plaintiffs attach as Exhibit 3 to the Gyandoh Declaration, a non-exhaustive list of eighty-four (84) decisions certifying classes in ERISA breach of fiduciary duty actions like the instant action brought pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), including at least thirty-three (33) decisions certifying classes in "excessive fee" suits.

Dated:  November 1, 2023                    **CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email donr@capozziadler.com

Thomas J. Sinclair
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: thomass@capozziadler.com

24

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2023 a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By:  /s/ *Mark K. Gyandoh*
       Mark K. Gyandoh, Esq.