**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BRADLEY J. MCLACHLAN and ALEX D.          )
GRAHAM, individually and on behalf of all   )
others similarly situated,                  )
                                            )      **CIVIL ACTION NO.:**
                          Plaintiff,        )      2:22-cv-04115
                                            )
                 v.                         )
                                            )
THE BOARD OF TRUSTEES OF THE                )
ELEVATOR CONSTRUCTORS ANNUITY               )
AND 401(K) RETIREMENT PLAN and              )
JOHN DOES 1-30.                             )
                                            )
                          Defendants.       )


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND CASE CONTRIBUTION AWARDS TO PLAINTIFFS**

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     BACKGROUND ...................................................................................................1

III.    ARGUMENT ........................................................................................................3

        A.      Plaintiffs' Request for Attorneys' Fees Is Reasonable ............................3

                1.      The Size of The Fund Created, And the Number of Persons
                        Benefitted ........................................................................................4

                2.      The Absence of Objections By Members of the Class ...............6

                3.      The Skill and Efficiency of the Attorneys Involved ...................7

                4.      The Complexity and Duration of the Litigation .........................8

                5.      The Risk of Nonpayment ..............................................................9

                6.      The Amount of Time Devoted to the Case by Class Counsel .................10

                7.      The Awards in Similar Cases.....................................................12

                        i.      Percentage of the Fund...................................................12

                        ii.     Lodestar Cross-Check ...................................................13

                8.      Class Counsel Pursued this Action Without the Involvement of any
                        Other Groups.................................................................................15

                9.      The Percentage Fee That Would Have Been Negotiated Had the
                        Case Been Subject To A Private Contingent Fee Arrangement At
                        The Time Counsel Was Retained ..............................................16

                10.     Any Innovative Terms of Settlement ........................................16

        B.      The Court Should Reimburse Class Counsel for Expenses Incurred ...................17

        C.      The Requested Case Contribution Awards For The Named Plaintiffs Are
                Reasonable ...............................................................................................18

IV.     CONCLUSION....................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Acevedo v. Brightview Landscapes, LLC*,
No. 13-cv-2529, 2017 WL 4354809 (M.D. Pa. Oct. 2, 2017) ......................................................17

*Ahrendsen v. Prudent Fiduciary Servs., LLC*,
No. 21-cv-2157, 2023 WL 4139151 (E.D. Pa. June 22, 2023)......................................................6

*Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.*,
504 F. Supp. 3d 265 (S.D.N.Y. 2020)............................................................................................2

*In re Beverly Hills Fire Litig.*,
639 F. Supp. 915 (E.D. Ky. 1986) ...............................................................................................14

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980)........................................................................................................................3

*Boley v. Universal Health Servs., Inc.*,
No. 20-cv-02644 (E.D.Pa. Mar. 30, 2023)........................................................................1, 12, 13

*In re Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.*,
778 F.2d 890 (1st Cir. 1985) ........................................................................................................14

*Boxell v. Plan for Group Ins. of Verizon Communications, Inc.*,
No. 13-cv-089, 2015 WL 4464147 (N.D. Ind. July 21, 2015)......................................................13

*Boyd v. Coventry Health Care Inc.*,
299 F.R.D. 451 (D. Md. 2014)........................................................................................................5

*In re Broadwing, Inc. ERISA Litig.*,
252 F.R.D. 369 (S.D. Ohio 2006) .....................................................................................6, 12, 15

*Brown v. The MITRE Corp.*,
No. 22-cv-10976 (D. Mass. Feb. 20, 2025) ...................................................................................2

*Campbell v. Royal Bank Supplemental Exec. Ret. Plan*,
646 F. Supp. 3d 629, 644 (E.D. Pa. 2022),
*aff'd sub nom. Campbell v. Bd. of Directors of Bryn Mawr Tr. Co.*,
No. 22-cv-2723, 2024 WL 4380142 (3d Cir. Oct. 3, 2024) ..........................................................8

*Cendant Corp. PRIDES Litig.*,
243 F.3d 722 (3d Cir. 2001)..........................................................................................................14

*Chong v. KPMG LLP*,
No. 21- cv-19330 (D.N.J. July 22, 2024).............................................................1, 13

*In re Corel Corp. Inc. Sec. Litig.*,
293 F. Supp. 2d 484 (E.D. Pa. 2003) ...................................................................17

*Craig v. Rite Aid Corp.*,
No. 08-cv-2317, 2013 WL 84928 (M.D. Pa. Jan. 7, 2013)....................................16

*Cunningham v. Wawa, Inc.,*
No. 18-cv-03355, 2021 WL 1626482 (E.D. Pa. Apr. 21, 2021)............................19

*Dartell v. Tibet Pharms, Inc.,*
2017 WL 2815073 (D.N.J. June 29, 2017), ......................................................8, 18

*Davis v. J.P. Morgan Chase & Co.*,
827 F. Supp. 2d 172 (W.D.N.Y. 2011) ................................................................14

*Davis v. Magna Int'l of Am., Inc.*,
No. 20-11060, 2025 WL 66052 (E.D. Mich. Jan. 10, 2025) .....................7 ,9, 10, 14

*In re Delphi Corp. Securities, Derivative*,
248 F.R.D. 483 (E.D. Mich. 2008) ......................................................................10

*Diaz v. BTG Int'l Inc.*,
No. 19-cv-1664, 2021 WL 2414580 (E.D. Pa. June 14, 2021).............................*Passim*

*Dover v. Yanfeng US Automotive Interior Systems I LLC*,
No. 20-cv-11643, 2023 WL 2309762 (E.D. Mich. Mar. 1, 2023)..........................19

*Frommert v. Conkright*,
223 F. Supp. 3d 140 (W.D.N.Y. 2016) .................................................................13

*Gaines v. BDO USA, LLP*,
No. 22-cv 18783 (N.D. Ill. May 18, 2024) .............................................................5

*Galt v. Eagleville Hosp.*,
310 F. Supp. 3d 483 (E.D. Pa. 2018) ...................................................................11

*Garnick v. Wake Forest Univ. Baptist Med. Ctr.*,
No. 21-cv-454 (M.D.N.C. July 2, 2024)..............................................................2, 14

*Good v. Nationwide Credit, Inc*,
314 F.R.D.141 (E.D. P 2016).................................................................................6

*Griffin v. Flagstar Bancorp, Inc.*,
No. 10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ...........................................4, 13

*Gunter v. Ridgewood Energy Corp.*,
223 F.3d 190 (3d Cir. 2000)...........................................................................................................3, 6

*Hawkins v. Cintas Corp.*,
No. 19-cv-1062, 2024 WL 3982210 (S.D. Ohio Aug. 27, 2024) .........................................*Passim*

*Hay v. Gucci America, Inc.*,
No. 17-cv-7148 (D.N.J.) ...................................................................................................................2

*Henderson v. Emory Univ.*,
No. 16-cv-2920, 2020 WL 9848978 (N.D. Ga. Nov. 4, 2020)..........................................18, 19, 20

*Huffman v. Prudential Ins. Co. of Am.*,
No. 10-cv-05135, 2019 WL 1499475 (E.D. Pa. Apr. 5, 2019) ......................................................19

*Johnson v. Fujitsu Tech. & Business of America, Inc.*,
No. 16-cv-03698, 2018 WL 2183253 (N.D. Cal. May 11, 2018)....................................................5

*Kanefsky v. Honeywell Int'l Inc.*,
No. 18-cv-15536, 2022 WL 1320827 (D.N.J. May 3, 2022)....................................................16 ,17

*Kapolka v. Anchor Drilling Fluids USA, LLC*,
18-cv-01007, 2019 WL 5394751 (W.D. Pa. Oct. 22, 2019)....................................................11, 16

*Karpik v. Huntington Bancshares Inc.*,
No. 17-cv-1153, 2021 WL 757123 (S.D. Ohio Feb. 18, 2021) .............................................2, 7, 15

*Kelly v. John Hopkins, Univ.*,
2020 WL 434473 (D. Md. Jan. 28, 2020).....................................................................................20

*Krueger v. Ameriprise Financial*,
No. 11-cv-02781, 2015 WL 4246879 (D. Minn. July 13, 2015) .....................................................2

*Kruger v. Novant Health, Inc.*,
No. 11-cv-02781, 2016 WL 6769066 (M.D.N.C. Sept. 29, 2016) .....................................2, 11 ,20

*In re Marsh ERISA Litigation*,
265 F.R.D. 128 (S.D.N.Y. 2010) .........................................................................................*Passim*

*McDonald v. Edward Jones*,
791 Fed.Appx. 638, 640 (8th Cir. 2020)........................................................................................2

*McDonough v. Toys R Us, Inc.*,
80 F. Supp. 3d 626 (E.D. Pa. 2015) ..............................................................................................17

*McNeilly v. Spectrum Health System*,
1:20-cv-00870 (W.D. Mich. Aug. 1, 2023) ...............................................14

*McPherson v. Employees' Pension Plan of Am. Re-Ins. Co.*,
33 F.3d 253 (3d Cir. 1994)...............................................................6

*In re Merck & Co., Inc. Vytorin Erisa Litigation*,
No. 08-cv-285, 2010 WL 547613 (D.N.J. Feb. 09, 2010) ("*Merk*") ...............1

*Muransky v. Godiva Chocolatier, Inc.*,
905 F.3d 1200 (3d Cir. 2018)..........................................................19

*Nesbeth v. ICON Clinical Rsch. LLC*,
No. 21-cv-1444 (E.D. Pa. July 20, 2022).........................................*Passim*

*New Eng. Carpenters Health Benefits Fund v. First Databank*,
2009 WL 2408560 (D. Mass. Aug. 3, 2009) .......................................14

*Nolan v. Detroit Edison Co.*,
No. 18-cv-13359, 2022 WL 16743866 (E.D. Mich. Nov. 7, 2022)...............19

*O'Hern v. Vida Longevity Fund, LP*,
No. 21-cv-402, 2023 WL 3204044 (D. Del. May 2, 2023) ......................5, 10

*Peterson v. Insurance Services Office, Inc.*,
No. 20-cv-13223 (D.N.J. May 22, 2024) ..........................................12, 13

*Pfeifer v. Wawa, Inc.*,
No. 16-cv-497, 2018 WL 4203880 (E.D. Pa. Aug. 31, 2018) ....................13

*Pinnell v. Teva Pharms. USA, Inc.*,
No. 19-cv-5738, 2021 WL 5609864 (E.D. Pa. June 11, 2021)........1, 10, 12, 13

*Pledger v. Reliance Trust Co.*,
No. 15-cv-4444, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021) ............7, 9 ,13

*In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*,
148 F.3d 283 (3d Cir. 1998)...........................................................*Passim*

*Ramos v. Banner Health*,
No. 15-cv-2556, 2020 WL 6585849 (D. Colo. Nov. 10, 2020)....................2

*In re Rite Aid Corp. Sec. Litig.*,
396 F.3d 294 (3d Cir. 2005)..........................................................4, 14

v

*In re RJR Nabisco Sec. Litig.*,
1992 WL 210138 (S.D.N.Y. Aug. 24, 1992) ................................................................14

*Rossini v. PNC Fin. Servs. Grp., Inc.*,
No. 18-cv-1370, 2020 WL 3481458 (W.D. Pa. June 26, 2020) ...........................................11, 16

*In re Safety Components, Inc. Sec. Litig.*,
166 F. Supp. 2d 72 (D.N.J. 2001) ..............................................................................17

*Savani v. URS Professional Solutions LLC*,
121 F. Supp. 3d 5646 (D.S.C. 2015)............................................................................18

*In re Schering-Plough/Merck Merger Litig.*,
No. 09-cv-1099, 2010 WL 1257722 (D.N.J. Mar. 26, 2010) ...................................................2

*In re Schering-Plough Corp. Enhance ERISA Litig.*,
No. 08-cv-1432, 2012 WL 1964451 (D.N.J. May 31, 2012)......................................9, 12, 16, 18

*Sims v. BB&T Corp.*,
No. 15-cv-732, 2019 WL 1995314 (M.D.N.C. May 6, 2019) .................................................5

*Smith v. Krispy Kreme Doughnut Corp.*,
No. 05-cv-187, 2007 WL 119157 (M.D.N.C. Jan. 10, 2007) .................................................8

*Spano v. Boeing Co.*,
No. 06-cv-0743 (S.D. Ill.) .........................................................................................2

*Stevens v. SEI Invs. Co.*,
No. 18-cv-4205, 2020 WL 996418 (E.D. Pa. Feb. 28, 2020) ......................................3, 12, 14, 15

*In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*,
886 F. Supp. 445 (E.D. Pa. 1995) ..............................................................................13

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
No. 15-cv-01614, 2018 WL 8334858 (C.D. Cal. July 30, 2018)................................................5

*Utah Ret. Sys. v. Healthcare Servs. Grp., Inc.*,
No. 19-cv-1227, 2022 WL 1181048 (E.D. Pa. Jan. 12, 2022)..................................................5

*Vista Healthplan, Inc. v. Cephalon, Inc.*,
No. 2:06-cv-1833, 2020 WL 1922902 (E.D. Pa. Apr. 21, 2020)................................................2

*Wallace v. Powell*,
288 F.R.D. 347 (M.D. Pa. 2012)................................................................................16

*Yedlowski V. Roka Bioscience*,

2016 WL 6661336 (D.N.J. Nov. 10, 2016) ......................................................................8

**STATUTES**

Fᴇᴅ. R. Cɪᴠ. P. 23(h) ...............................................................................................3, 17

**Other Sources**

Employee Retirement Income Security Act of 1974 ............................................*Passim*

I.    **INTRODUCTION**

Plaintiffs Bradley J. Mclachlan and Alex D. Graham (collectively "Plaintiffs"), by and through their undersigned counsel on behalf of the Elevator Constructors Annuity and 401(k) Retirement Plan (the "Plan"), respectfully submit this Memorandum of Law in support of Plaintiffs' Motion for An Award of Attorneys' Fees, Reimbursement of Expenses and Contribution Awards to Plaintiffs. Plaintiffs file this Memorandum of Law contemporaneously with their Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement,[1] Certification of Settlement Class, and Approval of Plan of Allocation (the "Final Approval Memo").

Plaintiffs herein request an award of attorneys' fees of thirty-three and one-third percent (33 1/3%) of the Settlement Amount of $5,000,000.00 (a maximum amount of $1,666,500.00). Courts routinely support counsel fees of 33 1/3% in analogous class actions advanced under ERISA.[2] Also, Plaintiffs request reimbursement of out-of-pocket costs and expenses incurred in

---

[1] The Settlement Agreement is attached as Exhibit 1 to the Declaration of Mark K. Gyandoh in Support of Plaintiffs' Motions for Final Approval of Class Action Settlement, Certification of Settlement Class, and Approval of Plan of Allocation and for an Award of Attorneys' Fees, Reimbursement of Expenses and Case Contribution Awards to the Named Plaintiffs (the "Gyandoh Declaration" or "Gyandoh Decl.") which further discusses the extensive efforts of Class Counsel in achieving this excellent result. The provisions of the Settlement Agreement, including all definitions and defined terms, are incorporated by reference herein. Thus, all capitalized terms not otherwise defined in this memorandum shall have the same meaning ascribed to them in the Settlement Agreement.

[2] *See, e.g., Diaz v. BTG Int'l Inc.,* No. 19-cv-1664, 2021 WL 2414580, at *8 (E.D. Pa. June 14, 2021); *Nesbeth v. ICON Clinical Rsch. LLC*, No. 21-cv-1444, slip op. (E.D. Pa. July 20, 2022) (ECF No. 43); *Chong v. KPMG LLP*, No. 21- cv-19330, slip ops. (D.N.J. July 22, 2024) (ECF Nos. 125-26); *Boley v. Universal Health Servs., Inc*., No. 20-cv-02644, slip op. at 10 (E.D.Pa. Mar. 30, 2023) (ECF No. 127) ("[Capozzi Adler] provided competent representation for the Class warranting an award of one-third of the total Settlement amount."); *Pinnell v. Teva Pharms. USA, Inc*., No. 19-cv-5738, 2021 WL 5609864, at *1 (E.D. Pa. June 11, 2021); *In re Merck & Co., Inc. Vytorin Erisa Litigation*, No. 08–cv–285, 2010 WL 547613 at *11 (D.N.J. Feb. 09, 2010) ("*Merk*") (approving fees that equaled 33.33% of the common fund); *Vista Healthplan, Inc. v. Cephalon,*

connection with the prosecution of this Action in the amount of $22,623.82. Class Counsel also asks the Court to approve the payment of Case Contribution Awards in the amount of $8,000.00 to each Plaintiff in recognition of their contributions to this Action.

## II.    BACKGROUND

To avoid unnecessary repetition, Plaintiffs incorporate and refer to Section II of the accompanying Final Approval Memo which discusses the Settlement and the proposed terms of settlement. *See also* Gyandoh Decl., ¶¶ 3-43 (detailing the procedural history, discovery, settlement negotiations, and settlement terms). To summarize, this Settlement comes after hard fought litigation, including several months of investigation, defeating Defendant's Motion to Dismiss the Complaint, and significant fact discovery. *Id.*

On November 26, 2024, the Court preliminarily approved the Settlement in this Action which provides for the creation of a $5,000,000.00 (Five Million Dollars) Settlement Fund and conditionally certified a Settlement Class and appointed Plaintiffs as class representatives and Capozzi Adler, P.C. ("Capozzi Adler") as Class Counsel. *See* ECF No. 78 ("Preliminary Approval

---

*Inc.*, No. 06-cv-1833, 2020 WL 1922902, at *28 (E.D. Pa. Apr. 21, 2020) ("Class Counsels' requested fees in this case represent 33 1/3 % of the total recovery, which is well within the range of reasonable fees, on a percentage basis, in the Third Circuit."); *In re Schering-Plough Corp. Enhance ERISA Litig.*, No. 08–1432, 2012 WL 1964451 at *6 (an ERISA case approving attorney's fees request of one third of the settlement fund); *Brown v. The MITRE Corp.*, No. 22-cv-10976 (D. Mass. Feb. 20, 2025) (ECF Nos. 113-114); *Garnick v. Wake Forest Univ. Baptist Med. Ctr.*, No. 21-cv-454 (M.D.N.C. July 2, 2024) (ECF Nos. 63 and 71); *Karpik v. Huntington Bancshares Inc.*, No. 17-cv-1153, 2021 WL 757123 (S.D. Ohio Feb. 18, 2021) (same). *McDonald v. Edward Jones*, 791 Fed.Appx. 638, 640 (8th Cir. 2020) (affirming judgment awarding the class counsel attorneys' fees of on third of the settlement fund); *Kruger v. Novant Health, Inc.*, No. 11-cv-02781, 2016 WL 6769066 (M.D.N.C. Sept. 29, 2016); *Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.*, 504 F. Supp. 3d 265, 270 (S.D.N.Y. 2020) (listing ERISA cases awarding one-third of settlement fund); *Krueger v. Ameriprise Fin., Inc.*, No. 11–cv–02781, 2015 WL 4246879 (D. Minn. July 13, 2015); *Ramos v. Banner Health*, No. 15-cv-2556, 2020 WL 6585849, at **4-5 (D. Colo. Nov. 10, 2020); *Hay v. Gucci America, Inc.,* No. 17-cv-7148 (D.N.J.); *Spano v. Boeing Co.*, No. 06-cv-0743 (S.D. Ill.).

Order"). Pursuant to the Preliminary Approval Order, Plaintiffs' Counsel has overseen the issuance of the Court-approved Class Notice. *See* Preliminary Approval Order, Section VI. The Class Notice informed settlement Class Members of the requests for attorney's fees, expenses, and Plaintiffs' Case Contribution Awards, as well as the process and deadline for filing any objections. *See* Final Approval Memo, Section IV. The Notice Program was overwhelmingly successful with a 99.54% success rate for the emailed notices and a 99.77% rate of success for the mailed notices. *Id*. The Preliminary Approval Order set March 11, 2025 as the deadline to object. *See* Preliminary Approval Order. To date, there have been no objections to the Settlement or the requests for attorney's fees, expenses, and case contribution awards. *See* Final Approval Memo at 10.

## III.    ARGUMENT

### A.    Plaintiffs' Request for Attorneys' Fees Is Reasonable

Plaintiffs' attorneys in a class action may petition the court for compensation for any award to the class resulting from the attorneys' efforts. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980). Under FED. R. CIV. P. 23(h), "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the Parties' agreement." In class actions where the attorneys are seeking fees as a percentage of the common fund, "the Third Circuit has directed district courts to consider the ten factors identified in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000) and *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998) [("*In Re Prudential*")]." *Stevens v. SEI Invs. Co.*, No. 18-cv-4205, 2020 WL 996418, at *10 (E.D. Pa. Feb. 28, 2020). These Factors are:

> (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiff's counsel; (7) the awards in similar cases; (8) the value of

benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations; (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained; and (10) any innovative terms of settlement.

*Id*.

However, "[t]hese fee award factors need not be applied in a formulaic way and in certain cases, one factor may outweigh the rest." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 301 (3d Cir. 2005). An analysis of these factors supports awarding Plaintiffs' Counsel the fully requested fee amount.

### 1.    The Size of The Fund Created, And the Number Of Persons Benefitted

Generally, class counsel in ERISA breach of fiduciary duty cases who achieve a settlement provide the class with "an excellent result given the uncertainties of the Plaintiffs' chances of ultimately prevailing on the issue of liability in this very uncertain area of ERISA and also given the challenges they face in establishing the operative date of imprudence[,]" and amount of damages. *Griffin v. Flagstar Bancorp, Inc.*, No. 10-cv-10610, 2013 WL 6511860, at *8 (E.D. Mich. Dec. 12, 2013). Indeed, this Settlement provides for an instant $5,000,000.00 settlement fund that will benefit over 39,000 Plan participants.

Defendant contested liability entirely, and argued that even if it was liable, damages would be significantly lower than Plaintiffs' estimated amount. *See* Gyandoh Decl., ¶ 32. For instance, Defendant argued that the imprudent investment claims would be $4.5 million at most, *i.e.*, less than the Settlement Amount, based on different methodologies for selecting comparator funds to calculate losses. *Id*. Plaintiffs estimated that their best claim, their excessive recordkeeping fee allegations, resulted in $7.6 million in damages, while the failure to use lower cost versions of the Plan's funds caused $215,000.00 in damages. *Id*., ¶ 31. Plaintiffs estimated that their investment

4

underperformance claims could have damages as high as $90 million, but Plaintiffs concede that at the time of settlement, the investment fund claims have gained only limited traction in courts beyond the motion to dismiss stage. *Id*. The Settlement recovers 5.11% of all of Plaintiffs' maximum possible allegations using the best performing alternative investments for comparison purposes. Considering Defendant's investment fee damages argument, and not including Defendant's additional arguments regarding recordkeeping fee damages, the Settlement recovers 40.6% of estimated damages. Even the lowest, and unlikeliest, percentage of recovery in this case is in accord with similar ERISA cases. *See*, *e.g.*, *Johnson v. Fujitsu Tech. & Business of America, Inc.*, No. 16-cv-03698, 2018 WL 2183253, at **6-7 (N.D. Cal. May 11, 2018) (approving an ERISA 401(k) settlement that represented "just under 10% of the Plaintiffs' most aggressive 'all in' measure of damages"); *Gaines v. BDO USA, LLP*, No. 22-cv 1878, slip op. at 3 (N.D. Ill. May 18, 2024) (approving settlement that was less than 3% of plaintiffs' claimed damages in an ERISA case); *Sims v. BB&T Corp.*, No. 15-cv-732, 2019 WL 1995314, at *5 (M.D.N.C. May 6, 2019) (approving a settlement of 19% of the total damages sought by the plaintiffs); *Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 463 (D. Md. 2014); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, No. 15-cv-01614, 2018 WL 8334858, at *5 (C.D. Cal. July 30, 2018) (approving settlement amounting to 17-54% of potential damages). Further, recovering "approximately 5.4% of the estimated damages alleged, conforms with averages in this region." *O'Hern v. Vida Longevity Fund, LP*, No. 21-cv-402, 2023 WL 3204044, at *9 (D. Del. May 2, 2023); *Utah Ret. Sys. v. Healthcare Servs. Grp., Inc.*, No. 19-cv-1227, 2022 WL 118104, at *8 (E.D. Pa. Jan. 12, 2022) ("the Third Circuit's median recovery [is] 5.2% in similar [securities] cases.").

Class Counsel's pursuit of this litigation also benefits society as a whole. The Third Circuit instructs that courts should consider "whether it would serve the objectives of ERISA to award

5

counsel fees in an effort to deter conduct of the kind in which the Committee [allegedly] engaged." *McPherson v. Employees' Pension Plan of Am. Re-Ins. Co.*, 33 F.3d 253, 258 (3d Cir. 1994). Indeed, "Congress passed ERISA to promote the important goals of protecting and preserving the retirement savings of American workers[,]" and "such lawsuits create incentives for fiduciaries to comply with ERISA." *In re Marsh Erisa Litig.*, 265 F.R.D. 128, 149-50 (S.D.N.Y. 2010); *see also Hawkins v. Cintas Corp.*, No. 19-cv-1062, slip op. at 5 (S.D. Ohio February 18, 2025) (attached to the Gyandoh Decl. as Exhibit 8) ("[I]t is well-established that there is a significant public interest in rewarding attorneys who represent employees and retirees in ERISA litigation in order to protect their retirement funds."); *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381-82 (S.D. Ohio 2006) ("[p]rotecting retirement funds of workers is of genuine public interest and, thus, supports a fully compensatory fee award."). In sum, the first factor is satisfied because thousands of Plan participants will benefit from this Settlement.

### 2. The Absence of Objections By Members of The Class

The Class Notice, which was emailed or mailed to over 39,000 potential Settlement Class Members, specified that Class Counsel would request attorneys' fees of up to 33 1/3% of the Class Settlement Amount. To date, there have been no objections to the settlement or requested attorneys' fees. Moreover, opposing counsel does not oppose Plaintiffs' fee request. Courts in this Circuit routinely find that when "no class members have objected […] the *Gunter* factor analysis demonstrates that the proposed fee award is reasonable." *Ahrendsen v. Prudent Fiduciary Servs., LLC*, No. 21-cv-2157, 2023 WL 4139151, at *7 (E.D. Pa. June 22, 2023); *see also Good*, 314 F.R.D. at 161 (finding it persuasive that "Defendant does not oppose this recovery on the part of class counsel nor has any class member objected to the amount of the attorneys' fees and costs."); *Rouse v. Comcast*, No. 14-cv-1115, 2015 WL 1725721 at *6 (E.D. Pa. April 15, 2015)

(same). Finally, this settlement, including the requested fees, will be reviewed by an independent fiduciary to ensure fairness. *See*, *e.g.*, *In re Marsh Erisa Litigation*, 265 F.R.D. at 151 ("The Independent Fiduciary's approval, together with the fact that only two objections have been filed-both meritless-weigh heavily in support of the Court's decision to award the requested fees and expenses.") Thus, the second factor favors approval.

### 3.    The Skill and Efficiency of the Attorneys Involved

There are "relatively few firms in the country that has the experience and skills necessary to successfully litigate a complex ERISA action such as this." *Karpik*, 2021 WL 757123, at *9; *see also Pledger v. Reliance Trust Co.*, No. 15-cv-4444, 2021 WL 2253497, at *7 (N.D. Ga. Mar. 8, 2021) ("[e]ffectively and successfully litigating an ERISA breach of fiduciary action requires a specialized knowledge and expertise that was demonstrated by Class Counsel. This litigation involved highly technical knowledge of investment plans, investment knowledge, and industry practices."). Courts recognize that Capozzi Adler is one of these few firms. *See*, *e.g.*, *Diaz v. BTG Int'l Inc.*, No. 19-cv-1664, 2021 WL 2414580, at *8 (E.D. Pa. June 14, 2021); (appointing the undersigned as settlement Class Counsel in an ERISA case and stating that we "appear well qualified to weigh the risks and benefits of continued litigation as compared to the relief provided by the Settlement."); *Hawkins*, No. 19-cv-1062, slip op. at 5 ("As to the professional skill and standing of counsel, Capozzi Adler has been appointed Class Counsel in several ERISA breach of fiduciary duty cases."); *Davis v. Magna Int'l of Am., Inc.*, No. 20-cv-11060, slip op. at 6 (E.D. Mich. Jan. 27, 2025) (attached as Ex. 9 to the Gyandoh Declaration) (same); *Nesbeth v. ICON Clinical Rsch. LLC*, No. 21-cv-1444, 2022 WL 22893879, at *4 (E.D. Pa. Mar. 10, 2022) (Capozzi Adler "has extensive experience and has worked diligently to litigate Plaintiffs' claims."). Capozzi

Adler has been named Lead or Co-Lead interim Class Counsel in numerous breach of fiduciary duty class actions in this District and across the nation. *See* Gyandoh Decl., ¶¶86- 88.

"In addition, '[t]he quality and vigor of opposing counsel' is relevant when evaluating the quality of services rendered by Lead Counsel." *Dartell v. Tibet Pharms., Inc*., No. 14-cv-3620, 2017 WL 2815073, at *9 (D.N.J. June 29, 2017) (quoting *Yedlowski V. Roka Bioscience*, 2016 WL 6661336, at *21 (D.N.J. Nov. 10, 2016)). Counsel for Defendant, Seyfarth Shaw LLP, is one of the leading ERISA class actions defense firms in the country.[3] The pedigree and body of work by Class Counsel and counsel for Defendant in this Action weighs in favor of the requested attorneys' fee award. "Thus, the competence of opposing counsel favors a finding that Lead Counsel prosecuted this case with skill and efficiency. Therefore, this factor supports the fee request." *Dartell*, 2017 WL 2815073, at *10. Capozzi Adler is one of the few firms nationally with the ability to litigate complex ERISA matters and were able to reach this Settlement after litigating against highly able adversaries.

### 4. The Complexity and Duration of the Litigation

District courts around the country and within this Circuit have granted similar motions for attorneys' fees because, "[i]t is well-recognized that 'ERISA is a complex field that involves difficult and novel legal theories and often leads to lengthy litigation.'" *Campbell v. Royal Bank Supplemental Exec. Ret. Plan*, 646 F. Supp. 3d 629, 644 (E.D. Pa. 2022), *aff'd sub nom. Campbell v. Bd. of Directors of Bryn Mawr Tr. Co.*, No. 22-cv-2723, 2024 WL 4380142 (3d Cir. Oct. 3, 2024); *see also Smith v. Krispy Kreme Doughnut Corp*., No. 05-cv-187, 2007 WL 119157, at *2 (M.D.N.C. Jan. 10, 2007) ("ERISA law is a highly complex and quickly-evolving area of the law.

---

[3] *See* https://www.seyfarth.com/services/practices/litigation/erisa-and-employee-benefits-litigation.html.

8

The novelty and difficulty of the questions raised tends to support the reasonableness of the requested fee award."); *In re Schering-Plough Corp. Enhance ERISA Litig.*, No. 08-cv-1432, 2012 WL 1964451, at *5 (D.N.J. May 31, 2012) (same); *Pledger*, 2021 WL 2253497, at *7 ("'ERISA litigation of this type is a rapidly evolving, complex, and demanding area of the law[,]'" that "involve[s] highly technical knowledge of investment plans, investment knowledge, and industry practices."); *Hawkins*, 19-cv-01062, slip op. at 5 (same). This case was no exception. The Complaint was filed in 2022, after months of pretrial investigation. *See* Gyandoh Decl., ¶ 3. Over the next several years, Class Counsel successfully litigated against Defendant's Motion to Dismiss, conducted diligent fact discovery, and attended a mediation session that ultimately resulted in a settlement. *Id.*, ¶¶ 5-29. Each stage of this lengthy case has involved challenges and complexities, with defense counsel remaining adamant of their total deniability of all claims. Moreover, Class Counsel used their skill and expertise to reach this Settlement before this Action incurred any further risks, costs, and delays. *See Diaz*, 2021 WL 2414580, at *6 (ERISA "litigation carries a high probability of high costs in both time and money if it is continued until final disposition on its merits[,]" therefore early settlements "significantly reduced the expense to both Parties."); *Davis*, No. 20-cv-11060, slip op. at 4 (the fee award was justified, partly because "the Settlement offered Plaintiffs fair and reasonable relief given the complexity of the ERISA law issues presented and the acute risk of continued litigation."). Thus, "[t]he well-known complexity of ERISA litigation also weighs in favor of adequate compensation for attorneys to ensure adequate representation for future claims in this area." *Davis*, 20-cv-11060, slip op. at 6.

### 5.    The Risk of Nonpayment

Undoubtedly, "[t]he fifth factor weighs in favor of an award of attorneys' fees because Class Counsel took this case on a contingency basis, assuming the risk that there would be no

recovery." *O'Hern*, 2023 WL 3204044, at *9. Class Counsel has never been paid for their work

on this matter, taking the case on a wholly contingent basis. Instead, Class Counsel faced the very

real risk, in the face of staunch opposition from highly qualified defense counsel, that they would

receive nothing for their time spent, and the cash outlays they invested in the case. Although "risk

is inherent in any litigation, particularly class actions[,] [t]he risk is even more acute in the complex

areas of ERISA law." *In re Delphi Corp. Securities, Derivative*, 248 F.R.D. 483, 496 (E.D. Mich.

2008); *see also In re Marsh ERISA Litig.*, 265 F.R.D at 148 ("the unsettled nature of the law

applicable to Plaintiffs' claims […] increases the risks for Plaintiffs' Counsel.").

Specifically in recordkeeping fee and imprudent investment challenges, litigation carries a

high "risk of an adverse verdict" and "the risk of a low damage award after substantial investment

of both time and money." *Diaz*, 2021 WL 2414580, at *6; *see also Davis*, No. 20-cv-11060, slip

op. at 5  ("the complexity of the ERISA law issues presented and the acute risk of continued

litigation" weigh in favor of the fee award, and "a fee that exceeds the lodestar is important "'to

compensate Counsel for the risk they undertook of no payment if the case was unsuccessful.'");

*Pinnell*, 2021 WL 5609864, at *1 n.2 (in a similar breach of fiduciary duty case "[Capozzi Adler]

represented Participants on a contingent basis with the risk the action would not produce a

recovery. This factor weighs in favor of approving the proposed fee."). As the court in *Hawkins*

recently noted, Class Counsel assume great risks in pursing ERISA breach of fiduciary duty cases

on a contingency bases, with few attorneys incentivized to take on "ERISA litigation" because it

"is both 'difficult[]' and—for many attorneys at least—'undesirab[le].'" *Hawkins*, 19-cv-01062,

slip op. at 5 (citations omitted). Despite the high risk of nonpayment, Class Counsel litigated this

Action zealously.

      **6.     The Amount of Time Devoted to the Case by Class Counsel**

Class Counsel vigorously pursued this Action since before filing the Complaint in December of 2022. Gyandoh Decl., ¶ 3; *see also Kruger v. Novant Health, Inc*., No. 14-cv-208, 2016 WL 6769066, at *3 (M.D.N.C. Sept. 29, 2016) (awarding s 33 1/3% of the settlement fund and discussing the extensive pre-filing investigations counsel undertake in ERISA cases). In total, Class Counsel, assisted by co-counsel, dedicated very substantial time and effort, expending 638.34 hours of time to date, resulting in a total lodestar of $430,218.50. *Id*., ¶¶ 55-62. These hours do not include time anticipated to be spent in preparing for an interview with the Independent Fiduciary, preparation for and attendance at the Fairness Hearing, communications with Settlement Class members, and monitoring of Defendant's compliance with the Settlement. *Id*., ¶ 63. The hours spent were reasonable and necessary for the prosecution of the litigation. Courts in this Circuit have found this factor was satisfied under similar circumstances. *See*, *e.g.*, *Galt v. Eagleville Hosp*., 310 F. Supp. 3d 483, 498 (E.D. Pa. 2018) (a settlement that was reached after "twenty-one months into this case" demonstrated that "Class Counsel has reasonably devoted substantial time and resources to the litigation, and this factor weighs in favor of awarding the requested attorneys' fees."); *Diaz*, 2021 WL 2414580, at *8 ("Mr. Gyandoh attested to expending a combined total of 324.90 hours on this case. Therefore, the Court will approve the request for an award of attorneys' fees equal to 33.1/3% percent of the $560,000.00 settlement fund."); *Rossini v. PNC Fin. Servs. Grp., Inc*., No. 18-cv-1370, 2020 WL 3481458, *20 (W.D. Pa. June 26, 2020) ("Plaintiffs' counsel's records suggest that they have devoted 970.6 attorney and paralegal hours to work associated with this action over a period of three years. This is a substantial expenditure of time and effort that weighs in favor of a significant fee award, or at least a fee award consistent with the norm"); *Kapolka v. Anchor Drilling Fluids USA, LLC*, 18-cv-01007, 2019 WL 5394751, at *10 (W.D. Pa. Oct. 22, 2019) (a declaration showing 300 hours dedicated to the case, including

court hearings, negotiations, and discovery, weighed in favor of approving the award); *Rouse*, 2015 WL 1725721, *13 (finding this factor was satisfied because the class counsel dedicated 221.45 hours to the case). This factor is satisfied because Class Counsel dedicated several years, and 638.34 hours and counting, to this case.

### 7. The Awards in Similar Cases

### i. Percentage of the Fund

Class Counsel are seeking 33 1/3% of the common fund, or roughly $1,666,500.00. "The percentage-of-recovery method is generally favored in cases involving a common fund, and is designed to allow courts to award fees from the fund in a manner that rewards counsel for success and penalizes it for failure." *In re Prudential*, 148 F.3d at 333 (citations omitted). Additionally, "[t]he percentage of the fund is the preferred method in this ERISA case, as it most closely approximates how lawyers are paid in the private market and incentivizes lawyers to maximize the Class recovery, but in an efficient manner." *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. at 381 *see also Diaz*, 2021 WL 2414580, at *8 (same). This factor is satisfied because, "[i]n complex ERISA cases, courts in this Circuit and others also routinely award attorneys' fees in the amount of one-third of the total settlement fund." *Stevens*, 2020 WL 996418, at *12; *see also Pinnell*, 2021 WL 5609864, at *1 (awarding "one-third of the common fund as a reasonable attorney's fee" to Capozzi Adler); *Diaz*, 2021 WL 2414580, at *8 (same); *Chong v. KPMG LLP*, No. 21- cv-19330, slip ops. (D.N.J. July 22, 2024) (ECF Nos. 125-26) (same); *Peterson v. Insurance Services Office, Inc.*, No. 20-cv-13223, slip ops. (D.N.J. May 22, 2024) (ECF Nos. 83-84) (same); *Boley*, No. 20-cv-02644, slip op. at 10 (ECF No. 127) ("[Capozzi Adler] provided competent representation for the Class warranting an award of one-third of the total Settlement amount equaling $4,166,666.67."); *Nesbeth*, No. 21-cv-1444, slip op., at 17-18; *In re Schering-Plough Corp.*

12

*Enhance ERISA Litig.,* 2012 WL 1964451, at *6; *Griffin*, 2013 WL 6511860, at *8 (holding the class counsels' "requested fee is consistent with standard fee awards as a percentage of the fund in ERISA actions which typically award between 30% and 33% on a percentage of the fund fee calculation."); *Pledger*, 2021 WL 2253497, at **5, 7 (awarding attorney's fees of one third the common fund because "[t]he percentage used to calculate the requested fee in this case is consistent with experienced attorneys who handle complex ERISA litigation, and has been found reasonable in numerous cases in federal district courts.").

### ii.    Lodestar Cross-Check

"The lodestar method is more commonly applied in statutory fee-shifting cases[;]" however, it may be used as a "cross check" in common fund cases. *In re Prudential*, 148 F.3d at 333. Again, "ERISA litigation requires specialized expertise, and" Capozzi Adler is one of the "relatively few firms that have that expertise." *Hawkins* , 19-cv-01062, slip op. at 9. Hence why "it is appropriate to use an ERISA-specific market to assess the reasonableness of rates rather than a local market." *Id*. This is true in the Third Circuit and other jurisdictions. *See*, *e.g.*, *Pfeifer v. Wawa, Inc.*, No. 16-cv-497, 2018 WL 4203880, at *14 (E.D. Pa. Aug. 31, 2018) (looking to the "the national market for ERISA class action attorneys."); *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 886 F. Supp. 445, 477–78 (E.D. Pa. 1995) (same); *Frommert v. Conkright,* 223 F. Supp. 3d 140, 151 (W.D.N.Y. 2016) ("[I]n certain highly specialized areas of law, such as ERISA, the relevant legal community is national in scope."); *Boxell v. Plan for Group Ins. of Verizon Communications, Inc.*, No. 13-cv-089, 2015 WL 4464147, at *9 (N.D. Ind. July 21, 2015) (same). Courts in this Circuit and across the nation have implicitly approved Capozzi Adler's hourly rates. *See* Gyandoh Decl., ¶ 75,; *see also Diaz*, 2021 WL 2414580, at *8; *Chong*, No. 21- cv-19330; *Peterson*, No. 20-cv-13223, slip op.; *Pinnell*, 2021 WL 5609864; *Boley*, No. 20-cv-02644, slip

op.; *Nesbeth*, No. 21-cv-1444, slip op.; *Davis*, 20-cv-11060, slip op. at 5; *Hawkins*, 19-cv-01062, slip op. at 9 (overruling a fee objection because ("[i]n the context of a nationwide market for ERISA counsel, [Capozzi Adler's] rates are reasonable.")

When comparing the percentage fee request to the submitted lodestar, the requested fee award is clearly reasonable as it results in a multiplier of 3.87. *See* Gyandoh Decl., ¶ 62 (attesting to billable time of 638.34 hours with resulting lodestar of $430,218.50). This is well within the range endorsed by courts in the Third Circuit. *See, e.g.*, *Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 742 (3d Cir. 2001) ("[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied."); *In re Prudential*, 148 F.3d at 341 (same).

Even multipliers between 5x and 6x are frequently approved. Indeed, in the *Stevens v. SEI* ERISA matter discussed above, class counsel's lodestar resulted in a multiplier of 6.16. *See Stevens*, ECF No. 41-1 (memorandum in support of motion for attorneys' fees), at 15.  And in *Garnick* and *McNeilly* , both ERISA matters in which Capozzi was Class Counsel, multipliers of 4.7 and 3.87 respectively, were found reasonable. *See Garnick*, No. 21-cv-454, slip op. (awarding fees equaling one third of the settlement fund where the multiplier was 4.7); *McNeilly v. Spectrum Health System*, Civil Action No. 1:20-cv-00870,  slip op. (W.D. Mich. Aug. 1, 2023) (ECF Nos. 77 and 82) (approving a multiplier of 3.87); *see also In re RJR Nabisco Sec. Litig.*, 1992 WL 210138 (S.D.N.Y. Aug. 24, 1992) (multiplier of 6x); *Davis v. J.P. Morgan Chase & Co.*, 827 F. Supp. 2d 172 (W.D.N.Y. 2011) (5.3x multiplier); *In re Rite Aid Corp. Secs. Litig.*, 146 F. Supp. 2d 706, 736 n.44 (E.D. Pa. 2001) (concluding that, under the cross check approach, a lodestar multiplier in the range of 4.5 to 8.5 was "unquestionably reasonable"); *In re Beverly Hills Fire Litig.*, 639 F. Supp. 915 (E.D. Ky. 1986) (5x multiplier); *In re Boston & Maine Corp. v. Sheehan, Phinney, Bass & Green, P.A.*, 778 F.2d 890 (1st Cir. 1985) (6x multiplier)); *New Eng. Carpenters*

14

*Health Benefits Fund v. First Databank*, 2009 WL 2408560 (D. Mass. Aug. 3, 2009) (awarding a fee representing a multiplier of approximately 8.3 times the lodestar); *Stevens*, 2020 WL 996418, at *13 (an ERISA case instructing that "[c]ourts frequently approve attorneys' fees awards for amounts in excess of the calculated lodestar. Indeed, multiples ranging from 1 to 8 are often used in common fund cases.").

Here in this litigation, a 3.87 multiplier is particularly warranted. "Courts apply multipliers to lodestar calculations for various reasons[,] [including] […] the risks of nonrecovery facing counsel, […] as an incentive for counsel to undertake socially beneficial litigation, or [to] reward counsel for an extraordinary result." *In re Prudential*, 148 F.3d at 340. These considerations "are discretionary and not susceptible to objective calculation." *Id*. As discussed in Section III.A.1 and III.A.5, *supra*, this litigation was very risky for Class Counsel and provides a social benefit as well as an excellent result for the Class. Awarding a "fee that exceeds the lodestar is important 'to compensate Counsel for the risk they undertook of no payment if the case was unsuccessful.'" *Davis*, 20-cv-11060, slip op. at 5 (quoting *In re Broadwing*, 252 F.R.D. at 381–82); *see also Karpik*, 2019 WL 7482134, at *8 (a multiplier of 3.3 was reasonable "[b]ecause of the inherent risks of litigation" in an excessive fee case)). Lastly, "Class Counsel is expected to perform additional work in connection with this case following this Court's approval. As such, the multiplier will likely be lower by the time the matter is closed and Class Counsel's work is complete." *Stevens*, 2020 WL 996418, at *13.

Ultimately, Class Counsel's fee request accords with awards in similar cases using the percentage-of-the fund method and applying a lodestar cross check.

### 8.    Class Counsel Pursued this Action Without the Involvement of any Other Groups

Class Counsel achieved this settlement without the assistance of any other parties. Thus, "all benefits obtained by Plaintiffs through the proposed settlement can be 'attributed to the efforts of counsel, rather than to government agencies or other groups.'" *Rossini*, 2020 WL 3481458, at *20 (quoting *Kapolka*, 2019 WL 5394751, at *10); *see also Kanefsky v. Honeywell Int'l Inc*., No. 18-cv-15536, 2022 WL 1320827, at *11 (D.N.J. May 3, 2022) (similar). Relatedly, "the DOL took no action against Defendant[]. Without the efforts of Plaintiffs' Counsel, the participants in [the] Plan would not have obtained any relief at all." *In re Marsh Erisa Litig.*, 265 F.R.D. at 150 (alterations added). Thus, the eighth factor is satisfied.

### 9.    The Percentage Fee That Would Have Been Negotiated Had The Case Been Subject To A Private Contingent Fee Arrangement At The Time Counsel Was Retained

An award of 33 1/3 percent is also warranted considering that "if this were not a class-action litigation, a contingent fee in such a complex case would likely range between 30 and 40 percent of the recovery." *In re Schering-Plough Corp. Enhance ERISA Litig.*, 2012 WL 1964451, at *7; *see also Wallace v. Powell*, 288 F.R.D. 347, 375 (M.D. Pa. 2012) (same); *Kapolka*, 2019 WL 5394751, at *10  (same); *Craig v. Rite Aid Corp*., No. 08-cv-2317, 2013 WL 84928, at *12 (M.D. Pa. Jan. 7, 2013) ("In this region, '[a]ttorneys regularly contract for contingent fees between 30% and 40% with their clients in non-class, commercial litigation' …"). Thus, awarding the requested fee of 33 1/3% of the Settlement Amount is fair in light of the market rate for privately negotiated contingency fees.

### 10.    Any Innovative Terms of Settlement

Class Counsel negotiated with Defendant, and Defendant has agreed, to "continue its established practice of conducting periodic requests for proposals (RFP) for the Plan's recordkeeping services[,]" and Defendants have confirmed that an RFP is already underway. *See*

Settlement Agreement, Article 13. This means that, "as a result of the settlement process[,] not only are those included in the settlement benefitted but current and future employees of the defendant will also receive benefits based on this litigation." *Acevedo v. Brightview Landscapes, LLC*, No. 13-cv-2529, 2017 WL 4354809, at *19 (M.D. Pa. Oct. 2, 2017) (finding that "the efforts of class counsel are clearly seen" by "the added benefit from the defendant's change" in practices.) Thus, obtaining a guarantee of future prudence weighs in favor of granting Class Counsel's requested fees.

Accordingly, every Third Circuit factor weighs in favor of approving Class Counsel's full fee request.

### B.    The Court Should Reimburse Class Counsel for Expenses Incurred

Class Counsel should also be reimbursed the $22,923.82 in litigation expenses advanced in prosecuting this case under FED. R. CIV. P. 23(h); "Courts recognize that '[t]here is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of ... reasonable litigation expenses from that fund.'" *Stevens*, 2020 WL 996418, at *14 (quoting *In re Corel Corp. Inc. Sec. Litig.*, 293 F. Supp. 2d 484, 498 (E.D. Pa. 2003)). "This includes reimbursement for settlement administration[,]" particularly in ERISA cases. *Id.*; *see also McDonough v. Toys R Us, Inc.*, 80 F. Supp. 3d 626, 658 (E.D. Pa. 2015) ("In the Third Circuit, it is standard practice to reimburse litigation expenses in addition to granting fee awards."). Here, "Class Counsel is 'entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the class action.'" *Kanefsky*, 2022 WL 1320827, at *12 (quoting *In re Safety Components, Inc. Sec. Litig.*, 166 F. Supp. 2d 72, 108 (D.N.J. 2001)). The Gyandoh Declaration provides an itemized list of these expenses, "which are for expert or consultants, computer research, and travel, [and] 'are the type of expenses routinely charged to

hourly paying clients and, therefore, should be reimbursed out of the common fund.'" *Id.* (citations omitted); *see also* Gyandoh Decl., ¶ 55. Furthermore, there have been no objections to Class Counsel's request for expense reimbursement, thus indicating the fairness of the request.

Finally, Class Counsel brought this case without guarantee of reimbursement or recovery, so they had a strong incentive to keep costs at a reasonable level, and they did so. Many courts find that in ERISA common fund cases, "[b]ecause these expenses were incurred with no guarantee of recovery, Class Counsel had a strong incentive to keep them to a reasonable level." *Savani v. URS Professional Solutions LLC*, 121 F. Supp. 3d 564, 576 (D.S.C. 2015); *see also Henderson v. Emory Univ.*, No. 16-cv-2920, 2020 WL 9848978, at *4 (N.D. Ga. Nov. 4, 2020) (same); *In re Marsh ERISA Litig.*, 265 F.R.D. at 150 (same). For example, Class Counsel minimized expenses by utilizing its own ERISA expertise, where necessary, controlling costs by eliminating travel expenses without sacrificing the national expertise they brought to benefit the Class. In short, the expenses are reasonable and should be rewarded.

### C.    The Requested Case Contribution Awards For The Named Plaintiffs Are Reasonable

"A substantial incentive award is appropriate in [a] complex ERISA case given the benefits accruing to the entire class in part resulting from [named plaintiff's] efforts." *Savani*, 121 F. Supp. 3d at 577. Undoubtedly, "the Third Circuit favors encouraging class representatives, by appropriate means, to create common funds and to enforce laws—even approving 'incentive awards' to class representatives." *Dartell*, 2017 WL 2815073, at *12 (quoting *In re Schering–Plough Corp.*, 2013 WL 5505744, at *37). "The Third Circuit has stated that incentive awards may be given 'to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, ... to recognize their willingness to act as a private attorney general, ... and to induce an individual to become a named plaintiff.'"

18

*Huffman v. Prudential Ins. Co. of Am.*, No. 10-cv-05135, 2019 WL 1499475, at *8 (E.D. Pa. Apr. 5, 2019) (quoting *Muransky v. Godiva Chocolatier, Inc.*, 905 F.3d 1200, 1219 (3d Cir. 2018)).

Here, Plaintiffs request that Class Representatives, Bradley J. McLachlan and Alex D. Graham, be granted a Case Contribution Award for the time and effort they expended in prosecuting this case to a successful resolution, amounts that are well deserved. Each of the Class Representatives has been closely involved in this litigation since its inception. They provided documents, reviewed the pleadings, and monitored Class Counsel and the progress of the litigation, including discussions about the terms of the Settlement. Gyandoh Decl., ¶ 91. Named Plaintiffs have submitted declarations in support of their requests for case contribution awards. The declarations are attached to the Gyandoh Declaration as Exhibits 10 and 11 respectively. Further, as ERISA Class Representatives, Plaintiffs "risked their reputation and alienation from employers or peers in bringing an action against a prominent institution in their community." *Henderson*, 2020 WL 9848978, at *4 (citations omitted); *see also Dover v. Yanfeng US Automotive Interior Systems I LLC*, No. 20-cv-11643, 2023 WL 2309762, at *6. (E.D. Mich. Mar. 1, 2023) (an ERISA case awarding a $10,000 to each named plaintiff and noting that "the Court finds that plaintiffs' concerns regarding their future employment prospects are understandable.").

Moreover, the notice mailed to Class Members stated the requested case contribution amount, and thus far no objections have been filed. Lastly, substantially larger awards have been approved in comparable cases. *See, e.g., Cunningham*, 2021 WL 1626482, at *8 (awarding $25,000 to each named plaintiff in an ERISA case from this Circuit); *Diaz*, 2021 WL 2414580, at *9 (an ERISA case from this Circuit that found "the $10,000.00 service award to each named Class Representative is reasonable and warranted."); *Nolan v. Detroit Edison Co.,* No. 18-cv-13359, 2022 WL 16743866 (E.D. Mich. Nov. 7, 2022) (approved $15,000 award for class representative);

*Kelly* , 2020 WL 434473, at **7-8 (awarding $20,000 to eight named plaintiffs); *Kruger*, 2016 WL 6769066, at *6 (awarding $25,000 for each representative and listing cases awarding the same); *Henderson*, 2020 WL 9848978, at *4 (same).

In sum, the circumstances of this case justify an $8,000 award for each Plaintiff.

## IV.    CONCLUSION

Plaintiffs respectfully request that the Court award attorneys' fees in the amount of $1,666,500.00, approve the reimbursement of litigation expenses in the amount of $22,923.82 and approve Case Contribution Awards in the amount of $8,000 to each of the two named Plaintiffs.

Dated:  February 24, 2025                    Respectfully submitted,


**CAPOZZI ADLER, P.C.**


*/s/* Mark K. Gyandoh
Mark K. Gyandoh, Esquire
Attorney ID No. 88587
James A. Wells, Esquire
Attorney ID No. 83517
312 Old Lancaster Road
Merion Station, PA 19066
Tel: (610) 890-0200
Email: markg@capozziadler.com
             Jayw@capozziadler.com


Peter A. Muhic
**MUHIC LAW LLC**
923 Haddonfield Road, Ste. 300
Cherry Hill, NJ  08002
Tel: (856) 324-8252
Email:  peter@muhiclaw.com

*Counsel for Plaintiffs and the Class*


20

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 24, 2025, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.


By:  <u>*/s/ Mark K. Gyandoh*  </u>
       Mark K. Gyandoh, Esq.

1